MARTIN CLAYBURGH, Appellant *v.* THE CITY OF CHICAGO, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

An action on the case for negligence will lie against a municipal corporation, for damages arising from a breach of duty, imposed by law.

THE facts of this case are apparent in the opinion of the court.

GOOKINS, THOMAS & ROBERTS, for Appellant.

E. ANTHONY, for Appellee.

WALKER, J. This was an action on the case, for negligence in the city council, for failing to collect an assessment levied, to compensate plaintiff for damages sustained by reason of opening a street over his lot. To the declaration the defendant filed a demurrer, which was sustained by the court below, and a judgment rendered against the plaintiff, to reverse which he prosecutes this writ of error.

In affirmance of the judgment it is urged that the only remedy is by mandamus to compel the city authorities to proceed in the discharge of their duty. The rule seems to be well settled, that corporations and incorporated companies, may be sued in that character, for damages arising from a breach by them of a duty imposed by law. 1 Chit. Pl. 77. In Angel and Ames on Corporations, 327, it is laid down, that an action on the case will lie against a corporation to compel a transfer of stock. In the case of the application of *Shepley* v. *The Mechanics' Bank*, 10 J. R. 484, for a mandamus, to compel the bank to allow the transfer of certain shares of stock, the court refused the writ upon the express grounds that the applicant had an adequate remedy by an action on the case, to recover the value of the stock. The case of *The King* v. *The Bank of England*, Douglas R. 524, holds the same doctrine, and in that case the mandamus was for the same reason refused, as in the case of *Shepley* v. *The Mechanics' Bank*. An action on the case, it has been held, will lie against a corporation for the neglect of a corporate duty. *Mayor of Lynn* v. *Turner*, Cowp. R. 86. Numerous additional adjudged cases might be referred to in support of this rule, but we regard the rule well settled, that the party injured, may maintain an action against a corporation, for a neglect of any duty imposed by their charter.

In this case the law has imposed the duty upon the city, where they have appropriated private property for the use of the city, in widening or extending streets, to have the damages assessed, and to have the benefits resulting to others from the improvement also assessed, and collected, and compensation made for the damage sustained. This duty is clearly imposed, and the declaration avers that plaintiff's property was appropriated, his damages ascertained and allowed, but that the city, although they have had the benefits resulting to others from this improvement assessed, have wholly neglected and willfully refused to cause the assessments to be collected. Here a duty to the plaintiff is averred, and a willful refusal to perform that duty. This we think brings this case clearly within the rule established by the adjudged cases, and presents a case, if sustained by the evidence, entitling the plaintiff to a recovery.

It was objected that as this court had held that assumpsit might

be maintained for the value of the land appropriated, the action of case would not lie. In many cases the party injured has his election, whether he will sue in trespass or case, or will waive the tort, and proceed for the value of the property. So in this case the plaintiff might rely upon the willful refusal of the city authorities to discharge their duty, by which he has sustained injury, or he may waive the tort, and proceed for the recovery of the value of the land, which they have appropriated to the use of the city. We have no hesitation in saying that he may elect as to which form of action he will resort.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*