FLETCHER VS. THE CITY OF OSHKOSH.    FIRST CASE.

Where the amount of a street commissioners' certificate for work done in improving a street in the city of Oshkosh was duly assessed by the common council against the lot which was chargeable therewith, and the tax list containing the amount of such assessment in addition to the other taxes, was duly delivered to the city treasurer, with a warrant for the collection thereof, in due form of law, thereto attached, but the treasurer neglected to collect such assessment: *Held*, that the city was not liable to the holder of the street commissioners' certificate for the amount of such assessment; its charter providing that "in no event, where work is ordered to be done at the expense of any lot or parcel of land, shall the city be held responsible for the payment thereof."

Whether the city would have been liable in the absence of any such provision in the charter, is not here decided.

The holder of the certificate in such a case may resort to the appropriate remedy to compel the city officers to perform the acts required of them by law for collecting the amount due on the certificate.

APPEAL from the Circuit Court for *Winnebago* County.

This was an action to recover from the *City of Oshkosh* the amounts due upon several street commissioners' certificates for work done under contract with the city in grading a certain street in said city. The complaint alleges, among other things, that no part of the amounts mentioned in said certificates was paid before the time of making out the annual assessment roll or tax list for said city for 1857 ; that accordingly the several amounts were duly assessed by the common council upon the several lots to which, by law and the terms of the certificates, they were respectively chargeable ; that such assessments were included in the assessment roll or tax list of that year, in the same manner as other assessments of a like nature ; that, in accordance with the city charter, said tax list, with a warrant in due form of law thereto attached, was duly delivered to the city treasurer for the collection of said assessments and other taxes ; that although a reasonable time for the collection of said several assessments out of said lots has elapsed, yet the same have not been collected, nor any part thereof ; that after the expiration of a reasonable time for their collection, the plaintiff caused the certificates to be duly presented to the common council of said city and payment thereof demanded ; and that the same was refused.

A demurrer to the complaint was sustained, and the plaintiff appealed.

*Whittemore & Weisbrod,* and *G. W. Washburn,* for respondent :

By the provisions of the charter the holder of the street commissioners' certificate has no remedy against the lot owner ; but the city has the exclusive power to collect the amount due from the lot. At the same time the law makes it the duty of the city, if the money is not previously paid, to put the amount on the assessment roll, have the roll put, with a proper warrant attached, into the hands of the collector, and sell the land in case of non-payment. When the money is collected

on the certificates, it is to be paid into the city treasury, and then becomes a part of the general fund of the city, and under the absolute control of the common council. Charter, ch. 5, sec. 1. It would seem to follow that the city is liable to the contractor for the ultimate payment for all such improvements. The city is one of the contracting parties. If the contractor does not fulfill his agreement on his part, the city is the only person that can sue for a breach of the contract. The consideration of the agreement is the mutual undertaking of the parties. If the city incurs no liability upon entering into such a contract, the contract is void for want of consideration. One party cannot be held liable when the other cannot, where the consideration consists in the mutual promises of the parties. The court will hardly come to the conclusion that the legislature intended this charter to have that effect. It will put a reasonable construction upon the proviso in sec. 9, ch. 7 of the charter, so as to make it harmonize with the other provisions of the charter. We think the true construction of that proviso is, that the city is not liable immediately for the payment; that the holder must wait for payment until the city has a reasonable time to collect the money out of the owners of the land, or out of the land itself. It was inserted merely to give the city time to collect the funds to pay for the improvement out of the property benefitted by it. The money when collected belongs to the general fund of the city, and is nowhere, by the charter, directed to be paid specifically on the claim of the holder of the certificates.—The defendant, by its charter, has " the general powers possessed by municipal corporations at common law," in addition to those specifically granted. Charter, ch. 1, sec. 1. Municipal corporations at common law have the power to open and improve streets, and are liable to pay for such improvements. *Miller v. The City of Milwaukee*, 14 Wis., 642, 646; *Cumming v. The Mayor &c. of Brooklyn*, 11 Paige, 596. There is no provision in the charter, as we insist, that relieves the city from its common law liabili-

ty to pay ultimately for such improvements. The assessment of the expense as a local tax, required by the charter, is not a restriction upon the power of the city, so as to require it to contract for payment out of that particular fund. 11 Paige, 296. 2. It was not only the duty of the city to put the machinery in motion to collect the money, but to keep that machinery in motion until the amount was collected and paid to the contractor. This it has neglected to do, and for that neglect we think it is liable for the damage which the plaintiff has sustained. *McCullough v. Brooklyn*, 23 Wend., 458; *Western v. Brooklyn*, id., 334; *Hunt v. Utica*, 18 N. Y., 442; *Conrad v. Ithaca*, 16 id., 158; *Baker v. Utica*, 19 id., 326; *Beard v. Brooklyn*, 31 Barb., 142; *Cumming v. Brooklyn*, 11 Paige, 596; *Lake v. Williamsburg*, 4 Denio, 520; *Eilert v. Oshkosh*, 14 Wis., 586, 588. Where a duty specifically enjoined upon a corporation as such has been neglected by its *agents*, the *corporation* will be held liable to the person injured. *Mayor of N. Y. v. Furze*, 3 Hill, 618–19; *Bailey v. Mayor &c. of N. Y.*, id., 531; *Conrad v. Ithaca*, 16 N. Y., 158; *Martin v. Brooklyn*, 1 Hill, 545.

*Kennedy & Coolbaugh*, for respondents.

*By the Court*, PAINE, J. We do not feel called upon to review the elaborate argument of the appellant's counsel, in respect to what would have been the liability of the city, upon the facts presented, in the absence of any special provision in its charter. For, conceding all that the appellant claims, the special provision that does exist renders it all inapplicable. That provision is that, "in no event, where work is ordered to be done at the expense of any lot or parcel of land, shall either the city or any ward be held responsible for the payment thereof." Now, in the face of this provision, which says that the city shall in no event be liable, we are asked to hold that if the money is not collected in a reasonable time, in the mode which is provided, the city shall be liable. We are ask

ed to say that it shall be liable not only where it neglects to assess the amount as a tax and cause it to be inserted in the next assessment roll, but also after it has done both these— has done all that it could do—if the treasurer fails to perform the duty which the law imposes on him.  We know of no rule of construction, and certainly the counsel cited no case, that could justify a court in thus overriding a plain provision of law.

Whoever contracts for this kind of work, or deals in these certificates under such a charter, takes the risk of collecting his money in the manner provided, with a right to resort to the appropriate remedy to compel the officers to whom it is entrusted to discharge their duties, and he cannot come into a court and ask to hold the city liable, in the teeth of a provision which informed him at the outset that the city should in no event be liable.

The order sustaining the demurrer is affirmed, with costs.