THE PEOPLE ex rel. PATRICK READY, Respondent, *v.* THE
    MAYOR AND COMMON COUNCIL OF THE CITY OF SYRACUSE et
    al., Appellants.

The relator entered into a contract with the city of Syracuse to construct
    a sewer.   The contract provided that no payment shall be made
    " until the cost of the work shall have been assessed upon and collected
    from the taxpayers liable."   The sewer was completed, accepted and
    used by the city, and its common council adopted a resolution directing
    the city assessors to assess the costs upon the abutting property.   This
    was done; only a portion of the assessment was collected, and nothing
    further was done to enforce it.   The common council, by resolu-
    tion, declared its intention to issue improvement bonds, as authorized
    by the city charter, to pay for the work, but this was not done.   *Held,*
    that the relator was entitled to a mandamus requiring the city authori-
    ties to complete the collection of the assessment or to issue the bonds.
The contract provided that all plans, explanations and directions neces-
    sary to carry out the work should be given by the city engineer, and
    upon its completion and final acceptance by the engineer he was
    required to make up a final account and return the same to the common
    council, whereupon it was provided that that body " shall receive and,
    when satisfactory, approve the same."   It appeared undisputedly that
    the engineer gave the plans and directions as required, and that the
    contractor followed the directions.   The engineer returned the amount
    of work, etc., and certified the account to be correct, and that the work
    had been performed according to the contract.   The common council
    ratified the acceptance.   *Held,* that the return and certificate were bind-
    ing on the parties, and that evidence tending to show them incorrect
    was incompetent.
Reported below, 65 Hun, 321.

(Argued October 31, 1894; decided November 27, 1894.)

APPEAL from order of the General Term of the Supreme
Court in the fourth judicial department, made September 13,
1892, which reversed a judgment in favor of defendants,
entered upon a decision of the court on trial at Special Term,
denying an application by the relator for a peremptory writ
of mandamus requiring the appellant to complete the collec-
tion of an assessment to compel the issue of bonds, and which
granted a new trial.

The facts, so far as material, are stated in the opinion.

*Charles E. Ide* for appellants. The application for judgment on the alternative writ and the returns was properly denied. (*Gilbert* v. *Cram*, 12 How. Pr. 455 ; *McGregor* v. *McGregor*, 35 id. 385, 393; *Van Giesen* v. *Van Giesen*, 10 N. Y. 316, 318; *People* v. *Bd. of Police*, 107 id. 235, 240.) The validity of the claim, to provide funds to pay which the writ is asked, may be inquired into. (*People* v. *Bd. of Appt.*, 3 Hun, 11; 64 N. Y. 627; *People* v. *Canal Apprs.*, 73 id. 443 ; *Bonesteel* v. *Mayor, etc.*, 22 id. 162, 170 ; *Moore* v. *Mayor, etc.*, 73 id. 238, 248 ; *Lake* v. *Williamsburg*, 4 Den. 523 ; *Bond* v. *Mayor, etc.*, 19 N. J. Eq. 376 ; 2 Dillon on Mun. Corp. [4th ed.] § 810 ; *People* v. *Campbell*, 72 N. Y. 496.) The relator has no claim enforcible against the city ; therefore, the peremptory writ was properly denied. (*Bonesteel* v. *Mayor, etc.*, 22 N. Y. 162, 166, 169 ; *Hague* v. *Philadelphia*, 48 Penn. St. 527, 529 ; *City of Sacramento* v. *Kirk*, 7 Cal. 419, 420 ; *Wadleigh* v. *Town of Sutton*, 6 N. H. 15 ; *Bond* v. *Mayor, etc.*, 19 N. J. Eq. 376 ; *Glacius* v. *Black*, 50 N. Y. 145, 150 ; *Brady* v. *Mayor, etc.*, 115 id. 415 ; *Gulick* v. *Conoly*, 42 Ind. 134 ; *Pratt* v. *Town of Swanton*, 15 Vt. 147.) If the relator has any right to relief under the contract, he has a perfect remedy at law. (*Cumming* v. *Mayor, etc.*, 11 Paige, 596 ; *Smith* v. *City of Buffalo*, 44 Hun, 156, 158 ; *Sage* v. *City of Brooklyn*, 89 N. Y. 189 ; *McCormick* v. *City of Brooklyn*, 108 id. 49, 55 ; *Reilly* v. *City of Albany*, 112 id. 30, 42.)

*T. E. Hancock, Attorney-General*, for respondent. The defendants are estopped from denying the relator's performance of the contract and right to compensation. (*Messenger* v. *City of Buffalo*, 21 N. Y. 199 ; Laws of 1885, chap. 26, § 138 ; *O' Leary* v. *Bd. of Education*, 93 N. Y. 1 ; *Moore* v. *Mayor, etc.*, 73 id. 238 ; *Peterson* v. *Mayor, etc.*, 17 id. 453 ; *Miller* v. *City of New York*, 53 Barb. 653 ; *Suprs.* v. *Briggs*, 2 Den. 26 ; *Moore* v. *Mayor, etc.*, 98 N. Y. 396 ; *Meech* v. *City of Buffalo*, 29 id. 198 ; *Voght* v. *City of Buffalo*, 133 id. 464 ; *Mulholland* v. *Mayor, etc.*, 113 id. 632 ; *Reilly* v. *City*

*of Albany,* 112 id. 30 ; *Kingsley* v. *City of· Brooklyn,* 78 id. 200 ; *People* v. *Stevens,* 71 id. 550 ; *Smith* v. *Alker,* 102 id. 87 ; *Guest* v. *City of Brooklyn,* 69 id. 511 ; *People* v. *Leonard,* 74 id. 445 ; *People* v. *Contracting Board,* 27 id. 381.) The relator is entitled to a peremptory writ of mandamus. (*Ross* v. *Curtis,* 31 N. Y. 609 ; *People* v. *Mead,* 36 id. 234 ; *F. N. Bank* v. *Wheeler,* 74 id. 201 ; *People ex rel.* v. *Brown,* 55 id. 180 ; *Hunt* v. *City of Utica,* 18 id. 442.)

Bartlett, J.     This is an appeal from an order of the General Term, fourth department, reversing a final order and judgment of the Special Term, which denied relator's application for a peremptory writ of· mandamus to complete the collection of an assessment or to compel the issue of bonds in accordance with the charter of the city of Syracuse, in order to pay the relator for constructing a sewer.

This case was carefully examined by the General Term and the questions of fact discussed at length ; we agree with its conclusions and do not think it necessary to go over many of the points discussed in the opinion below.

We shall content ourselves with a statement of the points which we hold to be controlling.

There are certain admitted facts in this case.     The relator entered into a contract with the city of Syracuse to construct a sewer in Fayette and Spruce streets ; he built the sewer and delivered it to the city ; the city has since tapped it and connected it with the sewers in Pine street and Beach street, and it is now used to conduct the water from these connecting sewers ; the work having been completed the city engineer duly certified the fact to the common council, and that body adopted a resolution directing the city assessors to assess upon the abutting property the costs of constructing the sewer, and this was accordingly done ; the amount so assessed was $5,545.24 ; the amount of $1,516.60 was collected by the city treasurer and nothing further has been done to enforce the assessment ; the common council declared its intention by reso-

lution to issue improvement bonds to pay for the construction of the sewer. Confronted by this situation the relator sought by mandamus to compel the mayor, city treasurer and common council to perform their duties by collecting the balance of the tax assessed, or by issuing bonds as required by law.

It is urged by the counsel for the appellants that the relator has a perfect remedy at law and that the writ of mandamus was properly denied.

The contract provided that no payment should be made to the relator " until the cost of said work shall have been ascertained and assessed upon and collected from the taxpayers liable to local taxation upon the same."

No action was, therefore, maintainable by the relator against the city, but his proper remedy was to compel, by mandamus, the officers of the city having the matter in charge to proceed with their duties as required by law. (*Hunt* v. *City of Utica,* 18 N. Y. 442; *Lake* v. *Trustees,* 4 Denio, 520.)

The return to the alternative writ set up several defenses, but those insisted on were that the sewer was not located at the depth required by the contract, and that the certificate of the engineer was given under a mistaken idea of the facts, and was false and incorrect.

By the terms of the contract it was provided that all plans, explanations and directions necessary to carrying out the work should be given by the engineer and they should in all cases be complied with by the contractor.

It appears by the undisputed evidence in this case that the engineer acted under the clause of the contract and throughout the progress of the work gave the contractor the grade of the sewer by driving pegs into the earth, each containing figures indicating the excavation and grade at that particular point, and that the contractor followed the directions thus given him.

It is also undisputed that an inspector appointed by the city properly performed his duty as the work progressed.

The contract further provided that after the completion of the work the engineer " shall make up his final account there-

for, and upon his final acceptance of the work shall return to the common council said account duly verified by him, whereupon said common council shall review, and, when satisfactory, shall approve the same," etc.

It was also provided that this return should be the account by which the amount of work done and amount of materials furnished under the contract should be computed.

The engineer returned the amount of work and materials at $5,241.24 and certified the amount to be correct and that the work had been performed and completed according to contract and specifications.

The city of Syracuse has never charged that this return was fraudulent nor has it complained of, or attacked the same in any way.

In this proceeding against the ministerial officers of the city it is alleged, as already intimated, that the return was given under a mistaken idea of the facts and that the certificate was false and incorrect.

We are of opinion that neither the city nor its officers are in a situation to attack the return and certificate in this proceeding.

The city is not a party to the proceeding, and being bound by the return and certificate its ministerial officers are also bound thereby.

The undisputed evidence shows that the work was prosecuted under the constant supervision and inspection of the representatives of the city of Syracuse ; that it was accepted by the engineer under the terms of the contract ; that the common council ratified that acceptance and set in motion the machinery of taxation to raise the money due the relator, and that the city of Syracuse has for a long time been using the sewer.

Under these circumstances any evidence introduced tending to show the return and certificate incorrect was incompetent.

The return and certificate of the engineer stand unimpeached and are binding upon both parties.   (*Brady* v. *Mayor of New York*, 132 N. Y. 415 ; *Mulholland* v. *Mayor of New*

*York,* 113 id. 631; *People* v. *Stephens,* 71 id. 550; *Dillon* v. *City of Syracuse,* 29 N. Y. St. Rep. 912.)

The appellants, acting as ministerial officers of the city of Syracuse, stand as to the money already raised for the relator by taxation and in their hands, as do town railroad commissioners who have received money raised by tax to pay interest on town bonds. This court has held that the commissioners could not draw in question the validity of the bonds even if the town had authorized the defense by resolution of town meeting. (*First Nat. Bank of Oxford* v. *Wheeler,* 72 N. Y. 201.)

There seems to be no reason why the city of Syracuse should not pay the claim of the relator.

The order appealed from is affirmed, with costs in all the courts and judgment absolute is ordered in favor of the relator under the stipulation of the appellants.

All concur.

Ordered accordingly. .