ALFRED F. FOSTER, for use, etc.

*v.*

THE CITY OF ALTON.

*Opinion filed June 18, 1898.*

1. SPECIAL ASSESSMENTS—*city may levy new assessment if former ordinance is merely inadequate.* Where an assessment has been set aside by a court of review, the city, if the ordinance is not a nullity but merely inadequate, may, under section 46 of article 9 of the City and Village act, (Rev. Stat. 1874, p. 239,) levy a new assessment, though the work has been completed.

2. SAME—*effect where contractor agrees to look solely to special assessment.* Where a contractor has agreed to look solely to a special assessment for his pay, taking the risk of its invalidity, he has no right of action against the city for an unpaid balance in the event the assessment is set aside unless the ordinance is void, or the city, having the power to levy a new assessment, has refused to act.

*City of Alton* v. *Foster,* 74 Ill. App. 511, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

LEVI DAVIS, for appellant:

The ordinance set out in the declaration is void in all its parts, for the reason that it fails to describe any improvement. *Alton* v. *Middleton's Heirs,* 158 Ill. 442.

Where a local public improvement has been made, and the ordinance which was passed for the making of such improvement is declared void because it fails to describe any improvement that can be located, no subsequent ordinance can be passed for a special assessment to pay for

| | |
|---|---|
| 173 | 587 |
| 185 | 442 |
| 173 | 587 |
| a188 | 539 |
| 173 | 587 |
| 189 | ¹ 84 |
| 173 | 587 |
| 190 | ²280 |
| 173 | 587 |
| 100a | ²413 |
| e100a | ²414 |
| 173 | 587 |
| 198 | ²560 |
| 198 | ²561 |
| d198 | ²584 |
| 173 | 587 |
| 103a | ²381 |
| 173 | 587 |
| 205 | 360 |
| 173 | 587 |
| e207 | 162 |
| e207 | 163 |
| e207 | ²165 |
| 173 | 587 |
| 213 | 369 |
| e214 | 398 |

the improvement so made without describing the improve-
ment as made, which would be describing an improvement
after it was made and without its having been provided
for by prior ordinance, thus making the new ordinance
invalid. *Carlyle* v. *Clinton County*, 140 Ill. 512; *Railway Co.
Freeport*, 151 id. 451.

HENRY S. BAKER, Corporation Counsel, for appellee:

Where the contract for a city improvement calls for
payment from a special fund, and the city officials, in
good faith and with care, attempt to create such a fund,
the contractor cannot compel payment from the general
fund of the city on its failure to create the special fund.
*Thomas & Co.* v. *Olympia*, 12 Wash. 465.

The general funds of a city cannot be resorted to for
the payment of warrants issued for public improvements,
unless the right to create the special fund against which
such warrants were drawn, by assessment on the prop-
erty benefited, has been lost by the negligence of the city.
*Stephens* v. *Spokane*, 45 Pac. Rep. 31.

The passage of a valid ordinance must undoubtedly
precede the levy of every special assessment or special
tax, whether it be an original levy or re-assessment, but
in the latter case such ordinance need not precede the
doing of the work.    *Ricketts* v. *Hyde Park*, 85 Ill. 110.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

Appellant recovered judgment in the circuit court of
Madison county against appellee for $1245.95 for furnish-
ing materials and doing the work in the construction of
a sewer in pursuance of an ordinance of the city and a
contract between the parties.   The ordinance, which was
set out in the declaration, provided for making the im-
provement and letting the contract, and section 7 was as
follows: "Said contract shall contain, among other things,
a covenant in substance to the effect that the contractor

or contractors shall have no lien upon the city, in any event, over and above the amount hereinbefore provided to be raised for said improvement by general taxation, if any, except from the collection of the special assessment ordered to be levied, assessed and collected by the city council for said improvement." The declaration also contained a copy of the contract between plaintiff, as party of the first part, and defendant, as party of the second part, which includes the following stipulation: "The said party of the first part further agrees to make no claim against the city in any event, except for the city's share of the cost of the sewer as above specified, and from the collection of the special assessments ordered to be collected for said improvements, and agrees to take all risks of the invalidity of said special assessments. The city shall in no event be liable by reason of the invalidity of said special assessments, or of the proceedings therein, or for a failure to collect the same: *Provided, however*, that in case said assessments, for any cause whatever, be declared invalid and void, the city hereby agrees to make a new assessment to pay for said improvements, and all excess of said actual cost of said improvements shall be rebated to the property owners."

The plaintiff alleged that the cost of the sewer was $2890.65; that defendant instituted a special assessment proceeding and collected and paid to him $1645; that the owners of certain pieces of property assessed filed objections to the assessment, which were sustained; that this court affirmed the judgment of the county court for the reason that the ordinance providing for the improvement failed to describe it, and that there was a balance of $1245.65 uncollected and still due and unpaid to plaintiff on account of the sewer. A jury was waived and the cause was submitted upon an agreed statement of facts, in which it was stipulated that the averments of fact in the declaration were true, and that on February 11, 1896, the plaintiff presented a petition to the city council of

defendant praying for the passage of an ordinance for a new and valid special assessment to collect the balance due, which petition the city council granted and directed the ordinance committee to prepare and report such an ordinance to the next meeting of the city council, but prior to such next meeting plaintiff commenced this suit, March 6, 1896. The court held, on propositions of law submitted by the plaintiff, that it was impossible for defendant to provide any valid special assessment to pay for the improvement, and that it was therefore liable for the balance unpaid, and refused to hold, at the request of defendant, that it had power to levy a new and valid assessment. The Appellate Court reversed the judgment and entered the following finding of facts as a part of the judgment: "Appellant passed an ordinance for the construction of a sewer, to be paid for by special assessment, and contracted with appellee to build the sewer, he to be paid from the special assessment and to take all risk of the invalidity of the assessment. Appellant agreed that in case the original assessment was for any reason declared to be invalid that it would cause a re-assessment to be made. Appellee completed the sewer according to contract, and part of the special assessment was collected and received by him. A part of the assessment, viz., $1245.65, was contested successfully, on the ground of an insufficient description of the sewer in the ordinance. Appellee then petitioned appellant to make a re-assessment, which it immediately took the initial steps to do, but before an ordinance could be passed appellee brought this suit, upon the ground that appellant had exhausted its power and could not make a re-assessment as it had agreed to do, and that it was therefore liable for the balance, to be paid by general taxation or out of the general fund. The trial court so held. The finding of the trial court upon this holding is error, this court holding that a re-assessment can be made. The case is not remanded, for the reason that if the holding .

of this court is correct this action cannot be maintained except upon the refusal or neglect of appellant to levy a re-assessment, which is not claimed."

Section 49 of article 9 of the act for the incorporation of cities and villages is as follows: "All persons taking any contracts with the city or village, and who agree to be paid from special assessments, shall have no claim or lien upon the city or village in any event, except from the collections of the special assessments made for the work contracted for." The provisions of the ordinance and contract bring this case within that section. But appellant relies upon the proposition that the ordinance was void, and that the case comes within the rule in *Maher* v. *City of Chicago*, 38 Ill. 266, and *City of Chicago* v. *People*, 56 id. 327. With this claim we do not agree. In the first of those cases the city had no right, under its charter, to levy a special assessment, and any attempt to exercise a power not conferred by the charter was necessarily void. In the second case the property other than that of the North Chicago Railway Company had already been assessed and had paid the full amount of benefits realized, and the city had made a contract with the railway company by which its property was exempted from assessment. The contractor had done the work in ignorance of the agreement for exemption, and had been induced to accept a contract for payment out of an assessment which the city had agreed not to make but to exempt the property from. In this case objections were sustained in the county court and the judgment affirmed in this court because the ordinance did not sufficiently describe the improvement. (*City of Alton* v. *Middleton's Heirs*, 158 Ill. 442.) The sewer was described generally, and its location was given. It was to be an underground pipe-sewer of the best stone-glazed pipe, eighteen inches in diameter, with other specifications, but the ordinance failed to show the depth on the vertical plane of the city, and it was deficient in that respect. The statute pro-

vides that the ordinance shall specify the nature, character, locality and description of the improvement. This is an essential element of an ordinance, and if it contains no description whatever, the ordinance will necessarily be void as lacking such essential element. Where the work has not been done at the time a special assessment is levied it must be based upon an estimate, and it is essential, in order to make that estimate a safe and proper basis, that the improvement should be described with such particularity that an intelligent estimate can be made and that bidders will understand what is to be done. This is essential to the protection of the property owner; but if the assessment is not questioned in the direct proceeding, and there is a description of the improvement in the ordinance, although loose or defective in some particulars, it does not render the ordinance a nullity, and the judgment of confirmation is not subject to collateral attack as in the case of a void ordinance. (*Steenberg* v. *People*, 164 Ill. 478; *People* v. *Lingle*, 165 id. 65; *Gross* v. *People*, 172 id. 571.) Where there is an attempted ordinance which is absolutely void there is no ordinance at the time the work is done. But that is not the case here. The defect was not one which the city could not cure, but it could be remedied by amendment and the ordinance made perfect, so that a new and valid assessment could be levied. Section 46 of said article 9 provides for such new assessment where an assessment has been set aside by any court; and where the ordinance is not a nullity, but merely inadequate, the new assessment may be levied. *Freeport Street Railway Co.* v. *City of Freeport*, 151 Ill. 451; *West Chicago Park Comrs.* v. *Sweet*, 167 id. 326.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*