## CITY OF PONTIAC v. TALBOT PAV. CO.

(Circuit Court of Appeals, Seventh Circuit. May 19, 1899.)

### No. 563.

1. REVIEW—CASES TRIED TO COURT—EFFECT OF GENERAL FINDING.
   The sufficiency of a declaration is reviewable on error by the circuit court of appeals, and, if it fails to state a cause of action, the defect is not cured by a general finding for plaintiff by the circuit court, where a jury is waived, nor is it waived by the defendant by answering and proceeding to trial after his demurrer has been overruled.

**2.** MUNICIPAL CORPORATIONS—LIABILITY ON CONTRACT FOR PUBLIC IMPROVE-MENTS—ILLINOIS STATUTE.

A contractor for the making of public improvements in an Illinois city, governed by the city and village act (1 Starr & C. Ann. St. [2d Ed.] 777 et seq.), which provides (article 9, § 49) that all persons taking such contracts, who agree to be paid from special assessments, "shall have no claim or lien upon the city or village in any event, except from the collection of the special assessment made for the work contracted for," and whose contract provided that he should make no claim against the city in any event, except from collections, and should take all risk of the invalidity of the special tax, cannot maintain an action against the city for a general judgment on the ground that its officers failed or refused to levy a second assessment after the first had been held invalid by the supreme court of the state, but is confined to his remedy to compel the officers to perform their duty.

In Error to the Circuit Court of the United States for the Southern Division of the Northern District of Illinois.

Judgment is entered against the city of Pontiac, plaintiff in error and defendant below, in an action on the case, upon a general finding by the court that the defendant is guilty, and that plaintiff's damages are assessed at the sum of $12,343; a trial by jury being waived. The alleged cause of action, as set out in the several counts of the declaration, is failure and neglect on the part of the municipal authorities to provide "for a new special tax assessment" against contiguous property, to pay amounts earned under a contract for the paving and improvement of certain streets under the following state of facts: On June 27, 1895, an ordinance was adopted by the city of Pontiac for the improvement of certain streets, whereby the expense of street intersections was to be paid by general taxation, and "the remainder of cost of said improvement should be paid for by special taxation, to be assessed, levied, and collected against real estate abutting on the lines of said streets so ordered to be improved," in accordance with the provisions of article 9 of chapter 24 of the statute of the state of Illinois entitled "An act to provide for the incorporation of cities and villages." The general act so referred to declares, by section 49 of article 9 (1 Starr & C. Ann. St. Ill. [2d Ed.] p. 777 et seq.), that "all persons taking any contract with the city or village, and who agree to be paid from special assessments, shall have no claim or lien upon the city or village in any event, except from the collection of the special assessment made for the work contracted for." Section 64 of the same article provides that vouchers issued for the work shall be subject to like condition, whether the holders are the original contractors or their assigns. Proceedings were taken under the ordinance, the special tax assessments were made and confirmed, and thereupon a contract was entered into between Talbot Paving Company, the plaintiff below, and the city of Pontiac, whereby that company, as the lowest bidder, undertook to "furnish all labor and material for the construction of said local improvement" for the aggregate sum of $15,168.90, to be paid when completed and accepted,—"and when the special tax levied under said ordinance, or any special tax which shall thereafter be levied by said city, upon the property contiguous to said improvement, should be collected," and also when the general tax provided for the cost of street intersections was collected; and the contract further provides, in express terms, that "they shall make no claims against said city, in any event, except from the collections" so referred to, and that the contractors "take all risk of the invalidity of any such special tax." The work was performed by the contractor and accepted by the city, but payment was not made, except for the cost of the intersections, raised by general tax, and portions of the special assessments which were paid in by certain property owners. The balance thus left unpaid was $10.567.33, for which "local-improvement vouchers" were issued, reciting that they were to be paid out of the special assessments when collected, and that the city was exempt from other liability. The declaration states that the failure to collect the special taxes in the first instance arose out of the prosecution by lot owners of an appeal to the supreme court of the state, which resulted in a judgment "holding the said ordinance providing for said special

tax assessment invalid, thereby rendering it impossible, under said ordinance, to collect said special tax from said property to pay the balance due the plaintiff." Bradford v. City of Pontiac, 165 Ill. 612, 46 N. E. 794, is cited in the briefs as the case so referred to. After this decision, the Talbot Paving Company presented its petition to the city council for the adoption of a supplemental ordinance "for the assessment of a special tax upon the property contiguous to said improvement" to pay the balance due, but the city council failed to make provision to that end, and the action rests upon the allegation of negligence and willful refusal on that behalf. The defendant demurred to the declaration, stating several grounds, but the demurrer was overruled, and the defendant, being required to plead instanter, filed its plea of not guilty, and trial before the court proceeded upon the merits.

F. W. Winkler and A. C. Norton, for plaintiff in error.
W. T. Whiting, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and SEAMAN, District Judge.

SEAMAN, District Judge, after making the foregoing statement, delivered the opinion of the court.

The general finding by the court clearly determines all issues of fact. Fourth Nat. Bank of St. Louis v. City of Belleville, 53 U. S. App. 628, 27 C. C. A. 674, 83 Fed. 675, and cases cited. But it is not conclusive on all the questions involved, as contended on behalf of the defendant in error. Its utmost effect is to limit the inquiry on review "to the sufficiency of the declaration, and the rulings, if any be preserved, on questions of law arising during the trial." Lehnen v. Dickson, 148 U. S. 71, 72, 13 Sup. Ct. 481. In the case of general verdict on a trial by jury, the finding establishes all the material facts which are alleged in the declaration. If, however, the declaration on which either verdict or finding must rest "fails to state a cause of action, and clearly shows that upon the case as stated the plaintiff cannot recover," the error is not cured by verdict, and is not waived by answering and proceeding to trial after the demurrer is overruled. Teal v. Walker, 111 U. S. 242, 246, 4 Sup. Ct. 420. In such case, there is no foundation for the judgment, and that inquiry is clearly presented for review on this record. Whether considered as raised by the demurrer, or upon the objections and exceptions covering all the testimony to support the declaration, or upon the facts stated and found, is not material.

The defendant in error entered upon the performance of its contract for the street improvement under the express statutory provision that payment could be made solely out of special assessments against property abutting on the improvement, and that the contractor should "have no lien or claim upon the city * * * in any event, except from the collection of the special assessments made for the work contracted for." The ordinance by which the paving in question was authorized and let expressly referred to this statute; this condition of payment was clearly stipulated both in the contract and in the vouchers, which were finally issued and accepted for the unpaid installments in controversy; and the contract further provided that the contractor "shall take all risk of the invalidity of any such special tax, the said city not to be liable in any event by reason of the invalidity of said special tax assessment, or any of them, or of

the proceedings thereon, but only for failure to collect the same, the same being collectible in law." Proceedings were taken, and the special assessments were made, but on appeal by lot owners it was held by the supreme court that the ordinance was invalid by reason of provisions which committed to the city engineer an unauthorized discretion relative to the improvement, and the assessments were set aside. As the necessary result of this adjudication, which involved the entire amount unpaid on the contract, the assessments were not collected and the vouchers were not paid. The city council has since refused to take action for a new special assessment to charge the deficiency against the abutting property; and it is urged, in defense of such nonaction, that its power is exhausted, and that no such assessment can be made, under the decision referred to. Whether the power subsisted in the city council to provide for a reassessment notwithstanding the defect in the original ordinance appears to have been the main subject of controversy in the trial court; and, for the purposes of the present inquiry, it is assumed that the decision there in favor of the power is not only in accord with justice, but is sustained as well by interpretations placed upon the statute by the supreme court. On that assumption, the duty of the city is manifest to proceed promptly in the exercise of its power to assess and collect the unpaid amounts, and such duty can be enforced by mandamus, if remedies at law are not adequate for the adjustment of all rights.

The statute which confers authority for making the improvement in question imperatively requires that the expense, aside from street intersections, shall be borne by the abutting property, through special assessment, and shall not become a public charge "in any event." The provision is of general application to cities and villages in the state of Illinois, and is in accord with a rule of public policy which is common in municipal charters and is upheld by judicial authority. If, however, the contractor who performs work so authorized, has the right to recover the contract price against the municipality, by way of damages, in the event of neglect or refusal on the part of the public officers to perform their duty in enforcing the special assessments, the way is clearly open to evade and nullify the legislative purpose. By their conduct,—either through negligence, ignorance, or collusion,—the city council or officers may impose upon the public the expense of the improvement, in despite of the statute which declares it a special benefit, to be paid exclusively by abutting lot owners. Indeed, if this judgment is sustainable, it so operates in the present case, as no provision appears for collecting the amount of such recovery by a supplemental special assessment against the lot owners. On the other hand, a complete remedy is clearly open to the contractor, by a proceeding in the proper forum, to ascertain the power, and thereupon enforce the ministerial duty to make the new assessment in obedience to the statute and violating none of its provisions.

The contention, however, on behalf of the defendant in error, is predicated on the duty which is imposed by law upon the municipality to make provision for the special assessment, and on the gen-

eral doctrine, held in a line of authorities and well recognized in Illinois, of municipal liability for failure or neglect on the part of its officers to discharge the public duty.    The question whether this doctrine applies to any case "where the expense of making a local improvement is not to be raised by a general tax, but solely upon the property benefited," to the extent of furnishing the contractor a right to recover his compensation in an action against the corporation founded on its failure to make the necessary assessment, has given rise to decisions which are not in accord in the various jurisdictions.    In 1 Dill. Mun. Corp. (4th Ed.) § 482, numerous cases are collated in a note, and the learned author well remarks in the text: "The right to a general judgment should, in our opinion, be limited, in any event, to cases where the corporation can afterwards reimburse itself by an assessment; for why should all be taxed for the failure of the council to do its duty in a case where the contractor has a plain remedy, by mandamus, to compel the council to make the necessary assessment, and proceed in the collection thereof with the requisite diligence."    But examination of the cases there noted as favoring the general recovery, and as well those cited in the brief of counsel in support of this judgment, reveals no instance of such allowance in the face of a statute expressly prohibiting the payment or collection as a public charge in any event, and the extreme view of liability held in the two leading citations (Reilly v. City of Albany, 112 N. Y. 30, 42, 19 N. E. 508, and Commercial Nat. Bank v. City of Portland, 24 Or. 188, 33 Pac. 532) would merely disregard the contract stipulations, and not affect a case so limited by statute.    In People v. City of Syracuse, 144 N. Y. 63, 66, 38 N. E. 1006, the New York court of appeals appears to disapprove the doctrine of Reilly v. City of Albany, supra, holding that no action is maintainable against the city, even in such case, for the failure to make an assessment, but the "proper remedy was to compel, by mandamus, the officers of the city having the matter in charge to proceed with their duties as required by law."

However the consensus or weight of authority shall ultimately determine the remedy of the contractor for local improvements, where the statute authorizes payment by special assessment, but is merely directory in its terms to that end, or where the collection is limited by ordinance or contract to such assessments, and the authorities fail to provide for or to carry out the assessment, we are clearly of opinion that no general doctrine of municipal liability for mere nonfeasance in the failure or neglect of council or officers to perform a duty of the municipality can be extended to override per se the inhibitions expressed in this statute, and that the contractor must proceed by mandamus to enforce his claim.    The decisions in support of this view are well considered, and apparently without conflict, and the following are leading and pertinent examples: Fletcher v. City of Oshkosh, 18 Wis. 228; City of Greencastle v. Allen, 43 Ind. 347; Goodrich v. City of Detroit, 12 Mich. 279; Reock v. Mayor, etc., of Newark, 33 N. J. Law. 129; People v. City of Syracuse, 144 N. Y. 63, 38 N. E. 1006.    See, also, Elliott, Roads & S. 436, and note; Beach, Mod. Cont. § 1191.    In Fletcher v. City of Oshkosh, supra, Mr. Justice

Paine, speaking for the court in reference to a case which is practically identical, says:

"Now, in the face of this provision, which says that the city shall in no event be liable, we are asked to hold that if the money is not collected in a reasonable time, in the mode which is provided, the city shall be liable. * * * We know of no rule of construction, and certainly the counsel cited no case, that could justify a court in thus overriding a plain provision of law. Whoever contracts for this kind of work, or deals in these certificates, under such a charter, takes the risk of collecting his money in the manner provided, with a right to resort to the appropriate remedy to compel the officers to whom it is intrusted to discharge their duties, and he cannot come into a court and ask to hold the city liable, in the teeth of a provision which informed him at the outset that the city should, in no event, be liable."

So considered, support cannot be found for the judgment under the general authorities, and no foundation remains unless the cases cited by counsel sustain the further contention that a rule of decision prevails in the state of Illinois which establishes the primary liability of the municipality in such contingency through the failure to make · the special assessment. The decisions invoked in that view are Clayburgh v. City of Chicago, 25 Ill. 535, and Foster v. City of Alton, 173 Ill. 587, 51 N. E. 76; but in the first-mentioned case no statute was involved which forbade liability in any event on the part of the city, and in neither case was any rule of liability adopted which can be brought into the present statute, by way of construction, to sanction an inhibited recovery. In Clayburgh v. City of Chicago, 25 Ill. 535, the question was of a different nature, and not within the statute. An action on the case was sustained in favor of a lot owner to recover of the city damages arising out of the taking of his property for public use in opening a street. The law provided for an assessment of benefits and damages to that end, the property was appropriated and the damages ascertained, but there was a refusal to enforce collection of the assessment. The terms of the statute are not stated, but, clearly, the remedy for compensation in such a case is not applicable, in any view, to a contractor, under the present statute. In Foster v. City of Alton, 173 Ill. 587, 51 N. E. 76, however, the same statute and like conditions as in the case at bar were present, except that suit was commenced by the contractor after he had petitioned for a reassessment, and before an ordinance could be adopted for that purpose; the action being based on the ground that the city "had exhausted its power, and could not make a reassessment, as it had agreed to do, and that it was therefore liable for the balance, to be paid by general taxation or out of the general fund." The decision of the supreme court denies the right of action, and is based solely upon the ground that a reassessment could be made for the collection; and, so far as it furnishes light, the ruling is distinctly adverse to recovery here, and appears to have been misapprehended by counsel. It is cited in the argument submitted on behalf of the defendant in error as stating in the opinion of the court: "This action cannot be maintained except upon refusal or neglect of appellant to levy a reassessment, which is not claimed." This remark appears in the recital of facts only, and as a quotation from the findings of the appellate court of a reason for not remanding the cause.

It is neither approved in the opinion, nor referred to as influencing the decision; nor could the excerpt have the force of a binding decision, if it were approved. No ground appearing to authorize the recovery against the plaintiff in error, the judgment is reversed, with direction to sustain the demurrer to the declaration.