## City of Momence v. R. Shannon & Company.

### Gen. No. 4,798.

1. CONTRACTS—*power of municipal officers to make.* The executive officers of a city can make no contracts except such as are authorized by ordinance. They are but the agents of the city for which they act and parties contracting with them are bound to take notice of the extent of their authority.

2. LOCAL IMPROVEMENT—*what essential to recovery for making of.* Where a local improvement is provided for by ordinance which expressly refers to the Local Improvement Act of 1897, the contractor (having agreed to take his pay in orders, three-fourths of which are payable out of the proceeds of the special assessment levied for such improvement) cannot recover for any portion of such improvement payable out of the special assessment until it is first shown to have been collected by the city.

Assumpsit. Appeal from the Circuit Court of Kankakee county; the Hon. A. O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1907. Reversed and remanded. Opinion filed August 6, 1907.

W. R. HUNTER and B. F. GRAY, for appellant.

EDDY, HALEY & WETTEN and E. P. HARNEY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit in assumpsit begun by R. Shannon against the city of Momence, a municipal corporation, to recover the balance of the agreed compensation for building a sewer. The jury returned a verdict for $1,930 in favor of plaintiff. A motion for a new trial was overruled, and judgment rendered on the verdict and for costs against the city, from which judgment this appeal is prosecuted.

The declaration contains a special count and the common counts. The special count alleges that on August 15, 1904, the city of Momence passed an ordinance for the improvement of a certain portion of

Market street by the construction of a sewer. It sets forth a copy of the ordinance, amongst the provisions of which section 3 provides: "A portion of the cost of said improvement to the amount of $2,350 shall be defrayed by special assessment to be levied on the property benefited thereby, to the amount that the same may be legally assessed therefor, and the balance, $750, of the cost by general taxation in accordance with an act of the general assembly of the state of Illinois entitled an act concerning Local Improvements, approved June 4, 1897, and all acts and laws amendatory thereto." Section 4 provides: "That the special assessment made and levied pursuant to the foregoing provisions of this ordinance be collected by one payment in one assessment against the property benefited thereby." Section 5 directs the city attorney of the city of Momence to file a petition in the County Court of the county of Kankakee praying that steps be taken to levy said special assessment for said local improvement. It is averred that the board of local improvements of the city of Momence advertised for bids for building said sewer, and that plaintiff submitted a bid to construct the sewer for $2,950 and that said board of local improvements accepted the same, and that on February 13, 1905, a contract was entered into by which defendant promised to pay plaintiff $2,950 for the construction of said sewer. A copy of the contract is embodied in the declaration, reciting that the city by virtue of its charter and ordinances agrees to let, and R. Shannon & Co. agree to construct the sewer in conformity with the specifications, which are set forth at length in the contract. Sections 23, 24, and 25 of the specifications are as follows:

"23. Payments will be made with city orders between the first and tenth of each month of eighty per cent. of the engineer's estimate of the work done the previous month. Said orders shall be payable out of the proceeds of the special assessment levied and out of the proceeds of any special assessment which shall

hereafter be levied for said improvement, and also from the general funds of said city as assessed or to be assessed against said city as its relative equitable proportion of the estimated cost of said improvement. The proportion to be paid by said city of the amount assessed or to be assessed against said city being the proportion which the whole amount assessed or to be assessed bears or shall bear to the actual cost of said improvement.''

''24. In consideration of the completion by said party of the second part of all the work embraced in this contract in conformity with the specification and stipulations herein contained and in strict accordance with the instructions of the city engineer, the city of Momence, party of the first part, hereby agrees to pay to the party of the second part the price named in the proposal, which is hereby made a part of this contract.''

''25. Payment for this work shall be made when the work is completed upon the estimate of the city engineer as set forth in section 23.''

Plaintiff avers that on April 28, 1905, he had fully performed his contract except as to forty-eight feet of iron pipe and on August 23rd had fully performed, and that the city of Momence had failed to pay the contract price although said sum of money was demanded of defendant. The defendant filed the general issue.

Appellee offered in evidence the ordinance; the estimate of the board of local improvements; an ordinance creating the office of city engineer; the appointment of J. L. Clark as city engineer; the city advertisement for bids; the bid of appellee; the contract signed by appellee, but not by the city, being the contract set forth in the declaration; a report of the city engineer made April 12th that the work was half done, and recommending the payment of $1,000; a letter as follows: ''Momence, Ill. April 28, 1905. Mr. R. Shannon: I have examined the sewer on Market street of the city of Momence, and hereby accept the same, excepting 48 ft. of iron pipe extending into the

river. J. L. Clark, City Engineer," and proof that three months thereafter in the presence of the mayor and city engineer he had put in thirty-six feet of iron pipe that the profile called for and that the city had paid $1,000. There was evidence offered by the city tending to show the sewer was not cemented as required by the specifications, and evidence in rebuttal that it was.

It is most strenuously insisted for error that the court should have given a peremptory instruction requested at the close of plaintiff's evidence and at the close of all the evidence. Appellee insists that under sections 24 and 25 of the specifications contained in the contract, with the letter of the city engineer, and the proof that he had after the date of the letter put in thirty-six feet of iron pipe, the city is liable to pay him the contract price for the sewer. On the other hand it is contended under section 3 of the ordinance and section 23 of the specifications contained in the contract, that the city is, on the proof made, under no obligation to pay appellee anything further, it having already paid $1,000 and that the city engineer had no authority to accept the work, and that it was necessary for appellee to prove a demand and refusal to pay, before bringing suit.

The principal controversy is whether the cost of this improvement may be paid by the city out of the fund raised by general taxation, or must the contractor look to the special assessment for his pay. The authority for making the contract to build the sewer is the ordinance passed August 15. The appellee in his special count pleads this ordinance, and it recites that $2,350 is to be paid by special assessment on the property benefited and $750 by general taxation, in accordance with an act of the general assembly entitled "An act concerning Local Improvements, approved June 4, 1897." The bid of appellee was based on that ordinance and the estimate of the board of local improve-

ments.   The executive officers of the city could not make any contract except such as they were authorized to make by the ordinance.   They were but agents of the city, and appellee in contracting with the city was bound to take notice of the extent of the authority of the officers he was dealing with.   Dillon on Municipal Corporations, sec. 480.   The contract signed by appellee had in it at length the specifications, and the 23rd specification expressly states that ''payments will be made with city orders.   *   *   *   Said orders shall be payable out of the proceeds of the special assessment levied and out of the proceeds of any special assessment which shall hereafter be levied for said improvement, and also from the general funds of said city as its relative equitable proportion of the estimated cost of said improvement.   The proportion to be paid by said city being the proportion which the whole amount assessed or to be assessed bears or shall bear to the cost of the improvement.''   By sec. 24, the city apparently agrees to pay the price named in the proposal in consideration of the completion of the work, and sec. 25 expressly states ''payment for this work shall be made when the work is completed upon the estimate of the city engineer as set forth in sec. 23.''   The ordinance under which the improvement was made, and which is the authority for the city officials letting the contract, recites that the cost of said improvement shall be defrayed by special assessment in accordance with an act of the General Assembly of Illinois entitled ''An Act concerning Local Improvements approved June 4, 1897, and all Acts and Laws amendatory thereto.''   Sec. 73 of that act, being sec. 579 of chapter 24 of Hurd's Statutes, provides:   ''No person   *   *   * taking any contracts from the city   *   *   * and agreeing to be paid out of special assessments or special taxes, shall have any claim or lien upon the city in any event, except from the collection of special

assessments or special taxes made for the work con-
tracted for, but the municipality shall cause collections
and payments to be made with all reasonable dili-
gence."

Specification 25 of the contract states that payment
shall be made when the work is completed upon the
estimate of the city engineer as set forth in sec.
23. By sec. 23 of the contract the appellee agreed
to take his pay in city orders, and said orders shall
be payable out of the proceeds of the special assess-
ment levied or which shall be levied for said improve-
ment. If the orders are payable out of the proceeds
of the special assessment, and by the contract appel-
lee agreed to take his pay in such orders, then he
comes within the provision of section 73 of the Local
Improvement Act by which he shall have no claim or
lien against the city. The orders being payable "out
of the proceeds of the special assessment" are not pay-
able until such assessment is collected. The contract
price is payable in orders, and three-fourths of the
amount is to be paid from the special assessment ac-
cording to appellee's allegations and proof. The
special count did not allege that the special assess-
ment had been collected, and the proof failed to show
that any part of the special assessment had been col-
lected by the city; therefore the judgment cannot be
sustained for the entire contract price, either on the
special count or the common count for money had and
received for appellee's use. We hold that the ordi-
nance referring expressly to the Local Improvement
Act of 1897, and the contractor having agreed to take
his pay in orders, three-fourths of which are payable
out of the proceeds of the special assessment, there
can be no recovery for any portion payable out of the
special assessment until it is first shown to have been
collected by the city. Hurd's Statutes, chap. 24, sec.
579; Chicago v. People, 48 Ill. 416; Foster v. City
of Alton, 173 Ill. 587; Farrell v. City of Chicago, 198

Ill. 558; Chicago v. McNichols, 98 Ill. App. 447. It was said in the Farrell case, after referring to the section of the Local Improvement Act quoted: "If the city could be made liable generally for the payment of the amounts due under such contracts, then by mere evasion or neglect of duty on the part of city officers, acquiesced in by the contractor, all of its special liabilities provided by law to be discharged from funds collected from property specially benefited, would be converted into general liabilities, to be discharged from its general revenues derived from general taxation." While the proof shows $1,000 was paid there is no proof from what fund or funds the sum was paid, and we are unable to say in the present state of the proof whether anything is due or not from the general fund. For that further reason the judgment must be reversed and the cause remanded, and as the case may be changed materially on a retrial it is not necessary to discuss the other questions argued. The judgment is reversed and the cause remanded.

*Reversed and remanded.*