## Lehigh Valley Transportation Company, Defendant in Error, v. City of Chicago, Plaintiff in Error.

### Gen. No. 14,421.

Municipal corporations—*liability for negligence.* The city of Chicago is liable to the owner of a vessel for damages caused thereto by the negligent act of an employe of such city in control of a bridge in swinging such bridge against such vessel.

Action for damages to personal property. Error to the Municipal Court of Chicago; the Hon. William N. Cottrell, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed June 30, 1908.

**Statement by the Court.** The defendant, the city of Chicago, built and operated over the Chicago river at Madison street a pivot or swing bridge, to the end that said street might be a continuous thoroughfare for public use. The bridge was built out of funds raised by general taxation, was maintained and operated out of the same funds as a free bridge, from which the city derived no income. It was operated by an employe of the city, and through his negligence the bridge was swung against a vessel of the plaintiff, and thereby the vessel was damaged to the extent of $115.55. For that sum the plaintiff had judgment, and the defendant appealed.

Charles M. Haft and Emil C. Wetten, for plaintiff in error; Edward J. Brundage, of counsel.

Ullmann & Hoag, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The case was submitted to the court on an agreed statement of facts. The record presents only the question whether the city of Chicago is liable to the plaintiff for damages to its vessel caused by the negligent act of the employe of the city in control of the bridge, in swinging the bridge against such vessel.

The statute confers on cities in this state power "to construct and keep in repair bridges, viaducts and tunnels and regulate the use thereof; to make regulations in regard to the use of harbors, towing of vessels, opening and passing of bridges." Under this authority the city built a pivot bridge which must be swung to permit a vessel to pass, and swung back into place to make a bridge. It employed a bridgetender to take charge of and operate the bridge. Such bridge is a part of the street, and the liabilities of the city in respect to the bridge are the same as those in respect to the street of which it is a part. Marseilles v. Howland, 124 Ill. 547.

The contention of plaintiff in error is that the powers conferred on the city in respect to bridges and streets by the statute, are of a public or governmental nature, as distinguished from a private or corporate nature; that the duty growing out of the exercise of such powers is owing to the public alone, and a breach of such duty is to be redressed by a prosecution in behalf of the public, and will not support an action by an individual who has sustained special damages thereby. In support of this contention many cases from other states and jurisdictions are cited.

In Illinois, however, it is settled law that the grant to a city of exclusive control and power over its streets with adequate means for the exercise of such powers imposes on such city the duty to keep its streets in repair and renders it liable to an action by an individual for damages sustained by him by reason of its negligent failure to discharge such duty. Browning v.

620 APPELLATE COURTS OF ILLINOIS.

VOL. 141.] Lehigh Valley Trans. Co. v. City of Chicago.

Springfield, 17 Ill. 143; Springfield v. LeClaire, 49 *id.* 476.

In the latter case, after holding that under such circumstances the duty rested on the city to keep its streets in repair, it was said, p. 478: "It is a necessary corollary from these premises that a party receiving damages from a neglect of this duty is entitled to his action. Clayburgh v. Chicago, 25 Ill. 535."

The grounds upon which a county is held not liable for the negligence of an agent while a municipal corporation is liable, are stated in Symonds v. Clay County, 71 Ill. 355. In Elmore v. Drainage Commissioners, 135 Ill. 269, it was held that a drainage district was not liable for the negligence of an employe. In the opinion in that case Mr. Justice Baker said, p. 273: "It is admitted law that municipal corporations proper, such as villages, towns and cities which are incorporated by special charters or voluntarily organized under general laws, are liable to individuals injured by their negligent or tortious conduct or that of their agents or servants in respect to corporate duties."

That a person injured by the negligent operation by a bridge tender of a bridge constructed and operated by the city of Chicago, has a right of action against the city, was decided in Chicago v. O'Malley, 196 Ill. 197, where a judgment for $5,000 for injuries so sustained was affirmed.

It is true that the question whether the city was liable to the plaintiff for the negligence of the bridge-tender, does not appear to have been argued in that case, but it was presented and decided. One of the contentions of the city in the Supreme Court was, that the negligence of one O'Brien, who was not employed by the city, alone caused the injury to plaintiff and that Moriarty, the bridgetender, was not negligent. In the opinion it was said, pp. 201-2: "Whatever was done by O'Brien was done by the direction and with the knowledge of Moriarty, who was the agent of the

city and who owed the duty to conserve the public safety in the operation of the immense and dangerous structure committed to his charge. * * * Being apprised of the danger, Moriarty owed the duty of so controlling the movements of the bridge that injury should not result." The basis of that judgment is, that the city owed the plaintiff a duty to use care in operating the bridge to avoid injuring him.

We think that under the decisions of our Supreme Court it must be held that the city owed to the plaintiff the duty to use care in operating the bridge to avoid injuring plaintiff's vessel; and that for a breach of that duty it is liable in this action.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*