The People *ex rel.* William F. Carroll

*v.*

Joseph E. Gary *et al.*

*Filed at Mt. Vernon January 31, 1883.*

1. Fees—*a single fee for several parties.* On an application by the city of Chicago, in the Superior Court of Cook county, for a confirmation of special assessments of benefits, against several lot owners, for opening a street, all the defendants may join in filing objections, and the clerk of the court is only entitled to demand the payment of one fee of one dollar and fifty cents, and not that sum for each defendant, before filing their objections. Such a proceeding is but one suit, within the meaning of the statute relating to fees and salaries, though there may be many defendants.

2. The true meaning of section 33, chapter 53, Rev. Stat. 1874, is, that all persons, however numerous, constitute but one party plaintiff, and all, as such, are required to pay but one fee of six dollars, and that all the defendants, without regard to their number, constitute but one party defendant, and should be required, in an ordinary case, to pay but one fee of one dollar and fifty cents.

3. Special assessment—*is an indivisible proceeding, with but one judgment.* A proceeding by a city to confirm an assessment of benefits on adjacent property, for the purpose of opening a street, is but one indivisible suit, without reference to the number of the defendants. The trial is one as to all the defendants, and only one judgment and execution are required, though the property is to be sold separately. The declaration in the statute that the judgment shall be held to be several, is intended only to control the mode of obtaining satisfaction, so that each lot shall be required to pay the sum assessed thereon.

This was a petition for *mandamus,* filed in this case by the relator, William F. Carroll, to compel the clerk of the Superior Court of Cook county to file the joint appearance and objections of several defendants on the payment of one fee, involving the construction of section 33, chapter 53, Rev. Stat. 1874, relating to fees and salaries.

Mr. WILLIAM F. CARROLL, and Messrs. C. C. & C. L. BONNEY, for the petitioner:

No fees can be charged unless authorized by statute. *Smith* v. *McLaughlin et al.* 77 Ill. 596.

The proceeding to confirm special assessments of benefits is regarded as but one entire and single suit, without regard to the number of the defendants. The trial as to all the objections is by one jury. *Fagan et al.* v. *City of Chicago*, 84 Ill. 230.

In a common law or chancery case one attorney may represent any number of defendants. *People ex rel.* v. *Gross*, 101 Ill. 343.

Mr. E. R. BLISS, for the respondent:

A construction of the section of the statute, based upon the theory that the defendants are jointly interested in the subject matter of the suit, is not applicable to a condemnation or assessment proceeding. They are proceedings *in rem*, and even the entry of an appearance does not change the proceeding to one *in personam.* *People* v. *Dragstran*, 100 Ill. 286.

The statute having made an assessment proceeding several as to each lot, the persons interested in the several lots have no such connection as entitles them to plead, answer or demur together. They can have no joint interest. Section 191 of the Revenue law declares: "The court shall give judgment for such taxes and special assessments, * * * and such judgment shall be considered a several judgment against each tract or lot."

Mr. JUSTICE WALKER delivered the opinion of the Court:

This is a petition for a writ of *mandamus*, to compel the judge of a branch of the Superior Court of Cook county, and the clerk of that court, to file objections interposed by a

number of lot owners to an assessment of benefits on adjacent property, for the purpose of opening a street in the city of Chicago. The petition alleges that the assessment was made, and returned to the court for confirmation and judgment, for the amounts assessed; that sixteen property holders so assessed joined in objections to the confirmation of the assessments against their several lots; that the objections taken were the same by each, and were specified in one paper, and signed by the same attorney; that such objections were presented to the clerk, with a request that he file the same, and one dollar and fifty cents was, at the time, tendered as the fee for filing the same, but the clerk refused to do so unless each person so objecting should pay one dollar and fifty cents as the fee for filing the same.

This presents the question of the proper construction of section 33, chapter 53, Rev. Stat. 1874, entitled "Fees and Salaries." The first clause of the section relates to the fees that shall be paid by plaintiffs on the commencement of suits, and provides that the party or parties, appellant or appellants, or, in case of application for judgment, by a town or city, shall pay to the clerk six dollars, to be taxed as costs. The second clause is this: "And the defendant or defendants, respondent or respondents, appellee or appellees, before he, she or they shall be entitled to enter his, her or their appearance, or file any pleas, answer or demurrer, in any suit in law or equity, shall pay to the clerk of the court the sum of one dollar and fifty cents, to be taxed as costs in the suit," etc.

It is clear, beyond question, that the proceeding on the part of the city was one indivisible suit, without reference to the number of defendants to the suit. There was no proper means by which the suit could have been divided, so as to have rendered it a several proceeding. The trial was one, as to all of these defendants, at least. There was but one judg-

ment entered in fact, and but one execution; but in case of a sale each lot must be sold separately. It is true that the statute declares the judgment shall be considered and held to be several; but that is to regulate and control the manner of obtaining satisfaction. It was to prevent the judgment from holding the property of one owner for the damages assessed against another. But the statute does not declare that the case shall be considered as a several suit against each property holder assessed. The evident meaning of the statute seems to be, that all persons, however numerous, constitute but one party plaintiff, and all, as such, are required to pay but one fee of six dollars, and all the defendants, without regard to their number, constitute but one party defendant, and should be required, in an ordinary case, to pay but one fee of one dollar and fifty cents. Nor do we perceive that there can be a difference made in a case like the present. The statute has made no difference in terms, nor can we see that any could have been intended. It certainly can not be implied from the language of the section. It has not provided that when defendants hold separate interests, they shall each pay the required fee. If such a distinction may be made, then the clerk would be justified, in every case, in requiring the full fee against each several plaintiff or defendant, because they have a several interest in the matter in controversy, although suing or defending jointly. It is clear that such is not the meaning of the section.

It then follows, that relator was entitled to have the objections filed on the payment of one dollar and fifty cents, and having tendered that sum, and the clerk having refused to file the paper, a writ of *mandamus* must be awarded.

*Mandamus awarded.*