THE FREEPORT STREET RAILWAY COMPANY et al.

v.

THE CITY OF FREEPORT.

*Filed at Ottawa. March 31, 1894.—Rehearing denied, October Term, 1894.*

1. SPECIAL ASSESSMENTS—*for local improvement—must be preceded by an ordinance.* The statute confers the power upon cities, towns and villages to make local improvements by special assessments, etc., and provides for the exercise of that power by ordinance. The passage of a valid ordinance authorizing the same must precede the making of the improvement in order to justify the levy of an assessment.

2. The passage of a valid ordinance must precede the levy of every special assessment, or special tax, whether it be an original levy or a

| 151 | 451 |
|-----|-----|
| 155 | 393 |
| 151 | 451 |
| 158 | 71 |
| 151 | 451 |
| 171 | 153 |
| 171 | 159 |
| 173 | 592 |
| 151 | 451 |
| 74a | 522 |
| 151 | 451 |
| 176 | 328 |
| 176 | 506 |
| 151 | 451 |
| 185 | 442 |
| 151 | 451 |
| 190 | ³280 |
| 151 | 451 |
| 103a | ³381 |
| 151 | 451 |
| 205 | ⁹363 |

re-assessment; but, in the latter case, such ordinance need not precede the doing of the work.

3. Same—*invalid ordinance—re-assessment.* Where a city or village attempts to exercise the power to make a local improvement, it must do so by ordinance authorizing the same, and prescribing how it shall be paid for. If the ordinance proves to be invalid, a special assessment or tax levied under it can not be collected; but the invalidity of an ordinance under which an improvement has been made will not deprive the city or village of the power to order a re-assessment to pay the expense of work done under such ordinance.

4. Same—*re-assessment, when first assessment is set aside.* The power of municipal authorities is not exhausted by the first assessment, if it is annulled, or set aside, or for any reason proves inadequate for the payment of the improvement made; but such authorities have the right, and may be compelled to make additional levies, necessary to pay contractors for work done and material furnished, under an ordinance authorizing the same.

5. Same—*sufficiency of petition for a re-assessment.* A petition asked for the re-assessment of a special tax to pay for the cost of grading, graveling, etc., certain streets, as provided by ordinance therefor, which was made a part of the petition. The ordinance itself showed that the grading, graveling, etc., had been done under a prior ordinance and an amendment thereof: *Held,* that the petition was sufficient to show the authority under which the work had been done, and brought before the court the question of the validity and sufficiency of the original ordinance.

6. Ordinance—*invalid as to part—valid as to remainder.* It is a general rule, that if a by-law be entire, each part having a general influence over the rest, and one part of it be invalid, the entire by-law is void; but if it consists of several distinct and independent parts although one or more of them may be void, the rest are as valid as though the void clauses had been omitted.

7. The first section of an ordinance provided that certain streets should be graded, graveled, curbed and paved; and such improvement was thereby declared to be a local improvement of the city. The second section set forth the nature, character, locality and description of the improvement, and the third attempted to provide for raising the money with which to pay for the improvement, which was held to be invalid: *Held,* that the first and second section might be treated as distinct from and independent of section three, and, therefore, valid.

8. While in an original proceeding the ordinance for a local improvement must also prescribe whether the same shall be made by special assessment, or by special taxation or general taxation, or both, yet when it becomes necessary to make such re-assessment, not because

of any irregularity in the passage of the ordinance, or because it fails to sufficiently describe the improvement, but solely because in a distinct section it attempts to levy the assessment in an illegal mode, the valid parts of the ordinance may stand as the basis of the proceedings by the new levy.

9. In such case, while it might have been more regular, if the city council had re-adopted the valid sections of the original ordinance and adopted a new section in place of that held invalid, the course pursued amounted, in effect, to the same thing.

10. When a re-assessment is ordered to raise means with which to pay the cost of a local improvement, the city ordering the same will not be estopped from collecting a greater sum on property than the amount of the first assessment, which the owner has paid, where the record fails to show that the original assessment is equal to the full benefit the property may receive. Nor will the city be estopped by the judgment of confirmation where it is vacated by the judgment of this court.

11. The voluntary payment of an illegal assessment by a property holder will not take away from a city council, or board of trustees, the power to make a re-assessment, where an illegal levy is set aside as to all other property holders.

Appeal from the County Court of Stephenson County; the Hon. George Wolf, Judge, presiding.

The City of Freeport, incorporated under the general law in force July 1, 1872, on the 29th of April, 1890, passed an ordinance for the improvement of one of its streets. An amendment to that ordinance was subsequently passed, and approved May 17, 1890, but it is unimportant in this case.

The ordinance provided that payment for the improvement should be made by a special assessment, upon certain property of the Freeport Street Railway Company, special taxation of contiguous private property, and general taxation. By subsequent proceedings the Street Railway Company was assessed $388, abutting property $38,449.80, and the city $10,854.50, all of which assessments were duly confirmed. From that judgment abutting property owners appealed to this court, and the judgment of the County

Court was reversed.    (*Kuehner et al.* v. *The City of Free-port*, 143 Ill. 92.)

The opinion in that case was filed October 31, 1892, and on the 6th of the following December another ordinance was duly passed and approved.    Section 1 provided that the cost of the improvement, etc., "as the same has been heretofore done under ordinance of this city., approved April 29, 1890, and an amendment thereof approved May 17, 1890, together with the cost of levying, assessing and collecting the special tax hereinafter provided for, but excluding all cost of assessing and attempting to collect the tax and assessment heretofore levied under said prior ordinance, shall be defrayed as follows, to-wit:"    Here follows an order that the city shall pay certain expenses of the improvement out of funds raised by general taxation, and that the remainder shall be defrayed by special taxation to be levied upon the street railway company, in amount equal to the cost of making that part of the improvement which lies between the rails of its track, and the balance upon abutting lots.

Section 2 provides that the several parties to be so taxed shall be credited with any payment made under the former assessment, or if such payments exceed the assessment to be made, the excess shall be refunded.

Section 3 appoints commissioners to estimate the cost of the improvement.

On the 5th of January, 1893, another ordinance was duly approved, by which the report of the commissioners, estimating the cost of the work at $43,814.93, was adopted, and the amount apportioned as follows:  To the city, $7,855.30, to the street railway company, $1,736.76, and to abutting lots $34,222.87; also ordering that these several sums be levied and collected under and in pursuance of the terms of the ordinance of December 6th.

Accordingly, at the January term, 1893, of the County Court, a petition was filed by the corporation counsel of the

city, praying that said special tax be assessed and collected in the manner provided by law, and in pursuance of that petition, commissioners to make the assessment were duly appointed. On the 21st of January following, they filed their assessment roll, by which they assessed the several parties the amounts apportioned to each by said ordinance. On February 27th, the street railway company and certain lot owners (these appellants), filed objections to that assessment, each of which was overruled by the court, and the report approved. From that judgment this appeal is prosecuted.

Mr. Michael Stoskopf and Mr. H. C. Hyde, for the appellants.

Mr. U. P. Smith, Mr. J. H. Stearns and Mr. M. Marvin, for the appellee.

Mr. Justice Wilkin delivered the opinion of the Court:

The third ground of reversal insisted upon by counsel for appellants can be most profitably considered first, as it goes to the power of the city to levy and collect the tax in question.

The point is that the ordinance of December, 1892, and consequently that of January, 1893, are void, because they do not provide for the making of a local improvement, but simply authorize the levy of a special tax to pay for work already done, and the case is likened to *City of Carlyle* v. *County of Clinton*, 140 Ill. 512, in which it was attempted to authorize by ordinance a local improvement already made. This is an entirely different proceeding.

The statute confers power upon cities, towns and villages to make local improvements by special assessments, etc., and provides for the exercise of that power by ordinance, and we have frequently held that the passage of a valid ordinance, authorizing the same, must precede the making of

the improvement, in order to justify the levy of an assessment.

These decisions are to the effect that, when a municipality attempts to exercise the power, it must do so by ordinance authorizing the improvement, and prescribing how it shall be paid for, and that if the ordinance proves to be invalid, a special assessment or tax levied under it can not be collected; but they do not hold that the invalidity of an ordinance under which an improvement has been made, will deprive the city, town or village, of the power to order a reassessment.

Section 46, chapter 24, R. S. (S. & C.; Vol. 1, 504), provides: "If any assessment shall be amended by the city council, or board of trustees, or set aside by any court, a new assessment may be made and returned, and like notice given and proceedings had, as herein required in relation to the first; and all parties in interest shall have the like rights, and the city council, or board of trustees, and court, shall perform like duties, and have like power in relation to any subsequent assessment, as are hereby given in relation to the first assessment." In *Ricketts* v. *Village of Hyde Park*, 85 Ill. 110, it was objected that the assessment was to pay for work already done, and therefore beyond the corporate power of the village but it was said: "We see no reason why the assessment may not be for work already done in good faith by the corporate authority, or under its direction, in anticipation of the special assessment. This would seem to be clearly contemplated by the 49th section of the same article before referred to, which provides: 'All persons taking any contract with the city or village, and who agree to be paid from special assessments, shall have no claim or lien upon the city or village in any event, except from the collections of the special assessments made for the work contracted for'; and also by the 50th section, which provides that 'all contracts for the making of any public improvement, to be paid for, in whole or in part, by

a special assessment,' shall be let in a particular way therein prescribed.   The validity of such assessments has been recognized in *Creote et al. v. Chicago*, 56 Ill. 423, and *Goodrich v. Minonk*, 62 id. 121.   And the contrary is not held in the cases referred to by counsel for the appellant.''

To the same effect is *Morgan Park v. Gahan et al.*, 136 Ill. 515.   The power of municipal authorities is not exhausted by the first assessment, if. it is annulled or set aside, or for any reason proves inadequate for the payment of the improvement made, but such authorities have the right, and may be compelled to make, additional levies necessary to pay contractors for work done and material furnished under an ordinance authorizing the same.   These decisions in no way conflict with *City of Carlyle v. County of Clinton, supra.*   Every contractor for a public local improvement is presumed to know that the municipality has attempted to exercise its power in the mode required by the statute, to authorize the improvement, but he is not chargeable with knowledge of defects in the ordinance or the manner of its passage, which may invalidate it, power being given by section 49, *supra*, to correct such defects by a re-assessment.   The passage of a valid ordinance must undoubtedly precede the levy of every special assessment, or special tax, whether it be an original levy or a re-assessment, but in the latter case, such ordinance need not precede the doing of the work, and to that effect is *Ricketts v. Village of Hyde Park, supra,* and cases there cited.

This brings us to a consideration of the objection that the petition in this case fails to recite an ordinance, ordering the improvement to be made.   Turning to the petition, we find that it asks for the *re-assessment* of a special tax to pay for the cost of grading, graveling, etc., certain streets, as provided by ordinance of December 6, 1892, which is made a part of the petition.

The ordinance itself shows that the grading, graveling, etc., had been done ''under ordinance of this city, approved

April 29, 1890, and an amendment thereof approved May 17, 1890.''

This, we think, was a sufficient averment of the authority under which the work had been done. It brought before the court the question of the validity and sufficiency of the ordinance of April 29, 1890, and the amendment. Property holders could, on that averment, and these appellants did put that validity in issue by objections. We are, therefore, of the opinion that the objection to the sufficiency of the petition is not well taken.

It must follow that the court below properly overruled appellants' objection to the introduction in evidence of the original ordinance and amendment, on the ground that they were not in issue.

It remains to be seen whether that ordinance was so far valid as to furnish a basis for this proceeding.

It is not denied that it was regularly passed, approved, and published. The first section provides that the streets therein described (the same described in the ordinance of December 6), ''be and the same are hereby ordered to be graded, graveled, curbed and paved, and such improvement is hereby declared to be a local improvement by said city.''

The second section specifically sets forth the nature, character, locality and description of the improvement.

The third section attempted to provide for raising the money with which to pay for the improvement, but was held to be invalid in *Kuehner* v. *The City of Freeport, supra.* The questions raised and decided in that case involved the legality of the latter section only.

Did the fact that it was void invalidate the whole ordinance?

The general rule is: ''If a by-law be entire, each part having a general influence over the rest, and one part of it be void, the entire by-law is void.

But if a by-law consists of several distinct and independent parts, although one or more of them may be void, the rest

are equally valid, as though the void clauses had been omitted.'' Wilcox on Corporations, 160 and 161; Dillon on Municipal Corporations, Vol. 1, 421.

Applying this rule to an ordinance like the one in question, we said, "If it be conceded that this ordinance is void as to the improvement, so far as it proposes the paving of alleys, so that no tax was properly levied against lots abutting on such alleys, it does not follow that it is therefore void as to the levying said tax for the improvement of the streets designated.'' *Wilbur* v. *City of Springfield*, 123 Ill. 395.

We think the first and second sections of this ordinance may be treated as distinct and independent of section three, and therefore not affected by the decision holding the latter void.

It is true that, in an original proceeding the ordinance authorizing the improvement must also prescribe whether the same shall be made by special assessment, or by special taxation or general taxation, or both (Sec. 2, C. 24, R. S), but when it becomes necessary to make a re-assessment, not because of any irregularity in the passage of the ordinance, or because it fails to sufficiently describe the improvement, but solely because, in a distinct section, it attempts to levy the assessment in an illegal mode, we see no reason why the valid portions of the ordinance may not be treated as still in force, and made the basis of the proceedings for the new levy.

The language in the opinion in the *Kuehner* case, to the effect that the ordinance was void, is to be applied only to the 3d section, which was in question.

The city council might have re-adopted the first and second sections of the ordinance of April 29, and added as a third section the one of December 6, and perhaps it would have been more regular to have done so, but we think the result of its action is practically the same, and should be given that effect.

By the third section of the first ordinance a special assessment, to the extent of benefits, was ordered against the property, etc., of the street railway company.   Three hundred and eighty-eight dollars was reported by the commissioners as the amount of benefits to such property, and that assessment was confirmed, and no appeal taken by the company, but the amount paid by it to the city.   It is now insisted that the city is estopped, by reason of that assessment and payment, from levying the present tax against the street railway company, and also that by reason of such estoppel it is also estopped to levy and collect the special tax against appellants' property, for the reason that all the property, of all the appellants, is contiguous to the improvement, and all, if any, is equally liable to be specially taxed.

In support of the position that the city is estopped as against the street railway company, it is said, by its own showing, that property has already been made to pay the full amount of benefits it will receive by the improvement, and that inasmuch as special taxation, as well as special assessments, is justifiable only upon the theory of corresponding benefits to the property taxed, no more than three hundred and eighty-eight dollars, which has been already paid, can be levied against its property.

The fallacy of this position lies in the assumption that three hundred and eighty-eight dollars is, in fact, the extent of the benefits which that property will receive.

There is nothing in this record from which it can be said that that amount represents the full extent of the benefits, rather than the sum assessed under this proceeding.

The first was a mere estimate by commissioners, who were, like all other men, liable to make mistakes, and we are unable to see why, in view of the later estimate by the city council, we should be asked to say, in the absence of all proof, that their judgment, in fixing the three hundred and eighty-eight dollars, should be treated as infallible

But it is said the city is estopped by its former judgment. The answer is, that judgment was vacated and set aside, else this proceeding would have been unnecessary.

That judgment was a single judgment, confirming an assessment roll.   *The People ex rel.* v. *Gary et al.*, 105 Ill. 332.

The position assumed amounts to asking this court to hold that the voluntary payment of an illegal assessment by one property holder takes away from a city council, or board of trustees, the power to make a re-assessment, if the illegal levy is set aside as to all other property holders. We are clearly of the opinion that nothing appears in this record which should work an estoppel as against the street railway company, much less against the other appellants. The ordinance under which this assessment was made provides for refunding all payments made under the illegal assessment, and relieves the property holder from all liability for the costs and expenditures incurred in making, collecting, or attempting to collect, that assessment.

No injustice can therefore result to the street railway company by reason of its voluntary payment of the former levy.

We find no substantial error in this record, and therefore affirm the judgment of the County Court.

*Judgment affirmed.*

Mr. Justice Bailey took no part in this decision.