THE PEOPLE *ex rel.* Talbot Paving Company

*v.*

THE CITY OF PONTIAC *et al.*

*Opinion filed April 17, 1900.*

1. SPECIAL ASSESSMENTS—*law in force when the first assessment was made governs subsequent mandamus proceeding.* Article 9 of the City and Village act, under which an assessment was made the proceedings in which were pending when the Improvement act of 1897 was passed, controls a subsequent *mandamus* proceeding to compel the levy of a new assessment after the first assessment has been set aside by the Supreme Court.

2. SAME—*when defect in assessment ordinance is subject to amendment.* An assessment ordinance which confers discretionary power upon the engineer with reference to matters of construction which may affect the cost of the improvement is invalid but not void, and upon the setting aside of the assessment by the Supreme Court such defect may be cured by amendment and a new assessment be made under section 46 of article 9 of the City and Village act.

3. MANDAMUS—*when city may be compelled to levy a new assessment.* Under section 46 of article 9 of the City and Village act a contractor may compel a city to levy a new assessment to pay for a completed improvement, where the first assessment out of which he was to be paid has been set aside by the Supreme Court because of defects in the ordinance which are subject to amendment, and the city has refused to make the new assessment or take any steps to pay for the improvement although enjoying its benefits.

ORIGINAL petition for *mandamus.*

This is a petition for *mandamus* to require the city of Pontiac to make a new assessment to pay the balance due petitioner, a contractor, for the construction of a local improvement under an ordinance of the city which had been held invalid by this court after the improvement had been constructed.

The facts alleged in the petition and admitted by the demurrer show that on June 27, 1895, the city of Pontiac passed an ordinance providing for the improvement of parts of certain streets in said city. A copy of said ordinance is made a part of the petition. This ordinance is explicit in specifying the nature, character and location of the improvement, and provides that the cost of the construction of the improvement, aside from the street intersections, should be paid for out of a fund raised by special taxation upon the property contiguous to the improvement, according to frontage. An estimate of the cost of the improvement was made in writing by the committee named in the ordinance, and reported to the city council and approved, and the council, by resolution, directed its attorney to file proceedings in the county court of Livingston county, Illinois, for the confirmation of the special tax assessment. The petition was filed in the county court on June 29, 1895. After all the necessary legal steps were taken to extend the special tax against the contiguous property, and all objections filed by the property owners were overruled and judgment confirming the special tax was entered, the city of Pontiac entered into a written contract with petitioner for the furnishing of all labor and material for the construction of the improvement for the sum of $15,168.90, a copy of which contract is attached to the petition and made part thereof. Under this ordinance and contract the improvement was constructed and completed and accepted by the city of Pontiac. The cost of the construction of the street intersections was paid the petitioner, and also the amount of one of the deferred installments of the special tax,

leaving a balance due the petitioner of $10,567.33, evidenced by four local improvement vouchers, bearing interest at the rate of six per cent, and due in one, two, three and four years,—a copy of which is set out in the petition. After the confirmation of the special tax assessment by the county court, some of the property owners whose property had been specially taxed for the improvement, and who had filed objections to the assessment, which had been overruled by the court, perfected an appeal to this court, and the judgment of the county court confirming the special tax was reversed and the cause remanded, for the reason that the ordinance conferred discretionary power, not authorized by law, upon the engineer in charge of the work during its construction. (*Bradford* v. *City of Pontiac*, 165 Ill. 612.) It is further set up in the petition that after the judgment of the county court confirming the special tax assessment was reversed and the cause remanded by the Supreme Court, the petitioner demanded in writing of the city of Pontiac that it proceed to make a new special assessment to pay the balance due the petitioner, but the city of Pontiac, by a vote of its city officials at one of its regular council meetings, absolutely refused to take any action to make a new special assessment, or to otherwise act to raise funds to pay the balance due petitioner on account of the construction and completion of said improvement by petitioner.

W. T. WHITING, for petitioner:

Under section 46 of article 9 of the City and Village act, after the reversal and remanding of the judgment of the county court confirming the special tax, it was the duty of the corporate authorities to proceed at once and without delay to make a new assessment upon the property contiguous to the improvement to raise funds to pay the balance due the contractor on account of said improvement. *Railway Co.* v. *Freeport*, 151 Ill. 451; *Davis* v. *Litchfield*, 155 id. 384; *East St. Louis* v. *Albrecht*, 150 id. 506;

*West Chicago Park Comrs.* v. *Farber,* 171 id. 146; *Carlyle* v. *County of Clinton,* 140 id. 512; *Murray* v. *Chicago,* 175 id. 340; *Ricketts* v. *Hyde Park,* 85 id. 150; *Alton* v. *Foster,* 74 Ill. App. 511; *Foster* v. *Alton,* 173 id. 587; *Morgan Park* v. *Gahan,* 136 Ill. 515.

W. C. GRAVES, City Attorney, A. C. NORTON, and F. W. WINKLER, for respondents:

A re-assessment can be made only when the original ordinance is valid but set aside by some court because of a defect in the mode of making the assessment. *Pells* v. *Paxton,* 176 Ill. 318; *Railway Co.* v. *Freeport,* 151 id. 451; *Davis* v. *Litchfield,* 155 id. 384; *West Chicago Park Comrs.* v. *Farber,* 171 id. 146; *East St. Louis* v. *Albrecht,* 150 id. 506; *West Chicago Park Comrs.* v. *Sweet,* 167 id. 326; *Burton* v. *Chicago,* 62 id. 179.

The ordinance in this case being void, and void for causes that preclude any amendment, there was no ordinance authorizing the construction of the improvement and the charging of the property owners therefor. A city cannot, by accepting and adopting an improvement of a street, compel property owners to pay for the same by special taxation. *East St. Louis* v. *Albrecht,* 150 Ill. 506; *Pells* v. *Paxton,* 176 id. 318; *Carlyle* v. *County of Clinton,* 140 id. 512.

If a re-assessment were made in the case at bar, it would necessarily have to be based on the old ordinance. The defects in that ordinance cannot be cured or remedied by making a new assessment and reporting under the invalid ordinance. *Chicago* v. *Wright,* 80 Ill. 579.

A re-assessment cannot be made where the original ordinance was invalid because it improperly delegated authority to the engineer. *Bowen* v. *Chicago,* 61 Ill. 268; *Workman* v. *Chicago,* id. 463; *Building Ass.* v. *Chicago,* id. 439.

City officers have no authority, after the bids have been opened, to alter the contract materially and then award it to one of the original bidders without a new

advertisement. *Pells* v. *Paxton*, 176 Ill. 318; 15 Am. & Eng. Ency. of Law, 1093.

In all the cases in which this court has said that a re-assessment could be made, the defects in the original proceedings were in the mode of assessment, in the levying of the assessment, or some other irregularity susceptible of amendment and not affecting the life of original ordinance.   *Railroad Co.* v. *Freeport*, 151 Ill. 451; *West Chicago Park Comrs.* v. *Farber*, 171 id. 146; *Davis* v. *Litchfield*, 155 id. 384; *Foster* v. *Alton*, 173 id. 587; 74 Ill. App. 511; *West Chicago Park Comrs.* v. *Sweet*, 167 Ill. 326; *Murray* v. *Chicago*, 175 id. 340.

The right of the party asking for a peremptory writ of *mandamus* must be unquestionable.   *Supervisors* v. *People*, 16 Ill. App. 305.

Where a duty is general, depending upon judgment and discretion, *mandamus* does not lie.   *St. Clair County* v. *People*, 85 Ill. 396.

When there is no clear duty on the part of an officer to do an act, *mandamus* will not compel him to perform it.   *Commissioners* v. *People*, 99 Ill. 587; *People* v. *Johnson*, 100 id. 537

The writ will not be granted to compel the corporate authority of a village to do an act it has never been asked to do.   The petition should show a demand of the compliance of the act and the refusal.   *People* v. *Hyde Park*, 117 Ill. 462; *Macoupin County* v. *People*, 58 id. 191.

Mr. JUSTICE CRAIG delivered the opinion of the court:

By an act of the legislature approved June 19, 1897, the law in regard to local improvements was changed. By the repealing clause of the new act the law then subsisting continued to govern as to all proceedings relating to local improvements then pending in any court.   (Laws of 1897, p. 135.)   Here the proceedings were pending when the act of 1897 became a law, consequently the law in force in 1895 must control in this case.   Section 46 of

article 9 of the City and Village act (Hurd's Stat. 1889, p. 267,) provides: "If any assessment shall be annulled by the city council or board of trustees, or set aside by any court, a new assessment may be made and returned, and like notice given and proceedings had, as herein required in relation to the first; and all parties in interest shall have the like rights, and the city council or board of trustees and court shall perform like duties and have like power in relation to any subsequent assessment, as are hereby given in relation to the first assessment."

As has been seen, the assessment made in this case was set aside by this court upon the ground that certain parts of the ordinance conferred discretionary powers on the city engineer in three respects, to-wit: First, that the specifications, which were made a part of the ordinance, provided that inlets and catch-basin covers be placed at street corners where directed by the engineer; second, that cross-walks be built, in such form as directed by him, at street intersections and other points; third, that the specifications empower the engineer, in his discretion, to make certain alterations which increase or diminish the expense of the improvement. The assessment having been set aside by this court, the first question to be considered is whether the city of Pontiac had the power to remedy the defects existing in the ordinance and make a new assessment.

The language of section 46 is plain and free from ambiguity, and unless the language used is to be disregarded the power to make a new assessment is clearly conferred. Indeed, the question is not an open one in this court, but, on the other hand, we think it was settled in *Freeport Street Railway Co.* v. *City of Freeport,* 151 Ill. 451, *City of East St. Louis* v. *Albrecht,* 150 id. 506, *Foster* v. *City of Alton,* 173 id. 587, and other like cases. In the *Freeport case* it was said (p. 457): "The power of municipal authorities is not exhausted by the first assessment if it is annulled or set aside or for any reason proves inadequate for the pay-

ment of the improvement made, but such authorities have the right and may be compelled to make additional levies necessary to pay contractors for work done and material furnished under an ordinance authorizing the same. These decisions in no way conflict with *City of Carlyle* v. *County of Clinton*, 140 Ill. 512. Every contractor for a public local improvement is presumed to know that the municipality has attempted to exercise its power in the mode required by the statute to authorize the improvement, but he is not chargeable with knowledge of defects in the ordinance or the manner of its passage which may invalidate it, power being given by section 49, *supra*, to correct such defects by a re-assessment. The passage of a valid ordinance must undoubtedly precede the levy of every special assessment or special tax, whether it be an original levy or a re-assessment, but in the latter case such ordinance need not precede the doing of the work, —and to that effect is *Ricketts* v. *Village of Hyde Park*, 85 Ill. 110, and cases there cited."

In the *Albrecht case* it was said (p. 512): "It need only be observed, this case is wholly unlike those in which it has been held that where the improvement has been ordered by ordinance, and the assessment has been annulled by the city council or board of trustees or set aside by any court, a new assessment may be made, as provided in section 46 of article 9 of the City and Village act. In those cases the existence of an ordinance when the work was done is the basis of the re-assessment. Even where the original ordinance proves defective and insufficient to support the assessment, yet if not absolutely void it may be amended or the defect cured by a supplemental ordinance and a re-assessment made."

In the *Foster case* it was contended that the original ordinance for the improvement was void, upon the ground that it failed to describe any improvement, and that such an ordinance, after the improvement had been made, could not be the foundation for a new assessment.

But in disposing of the question the court said (p. 592): "Where there is an attempted ordinance which is absolutely void there is no ordinance at the time the work is done. But that is not the case here. The defect was not one which the city could not cure, but it could be remedied by amendment and the ordinance made perfect, so that a new and valid assessment could be levied. Section 46 of article 9 provides for such new assessment where an assessment has been set aside by any court; and where the ordinance is not a nullity but merely inadequate the new assessment may be levied."

Here the whole ordinance was not involved, but it was only in regard to a small portion thereof that objection was interposed and sustained. It is a well established rule in regard to by-laws and ordinances, that if a provision relating to one subject matter be void and as to another valid, and the two are not necessarily or inseparably connected, it may be enforced as to the valid portion as if the void part had been omitted. (*Wilbur* v. *City of Springfield*, 123 Ill. 395.) The defect in the ordinance in question in placing discretionary power in the engineer was one which could easily be eliminated from the ordinance by an amendment, and thus the ordinance could be made perfect, so that a new and valid assessment could be levied. Was it the duty of the city of Pontiac to make the amendment and follow the amendment by a new assessment, so that the petitioner might be paid for the work he had constructed for the city?

It appears from the petition that the petitioner had completed the improvement according to contract with the city and the work had been accepted by the city. The petitioner's labor and money have gone into the improvement and the city is enjoying the benefits to flow from the improvement, but the city has not paid for the improvement nor has it made any effort to do so since the assessment was set aside, but, on the other hand, when notified by the petitioner the city council refused

to take any steps to pay petitioner for his labor and materials invested in the improvement. It is true that under the contract petitioner was to be paid from and out of the money to be raised by the assessment, and it is also true that the city did not personally assume the payment for the improvement; but the city did assume the obligation to collect the assessment imposed to pay for the improvement, and that obligation, in connection with the other facts and circumstances in the case, required the city to use all reasonable efforts within its power to make and collect a new assessment to pay petitioner for the labor and materials used in the construction of the improvement, as provided in the contract. The defect was one which the city could cure by an amendment to the ordinance so that a new and valid assessment could be levied, and it was a duty resting on the city to make the amendment and follow that up with a new assessment.

From what has been said it follows that a writ should be awarded. A peremptory writ of *mandamus* will be ordered, as prayed for in the petition.

*Mandamus awarded.*