H. G. McPike *et al.*

*v.*

The City of Alton.

*Opinion filed October 19, 1900.*

Ordinances—*when ordinance is repealed in toto by later one.* An ordinance for paving a certain street for seven designated blocks by a special tax upon private property, upon a uniform basis of frontage, must be regarded as repealed *in toto* by a later ordinance providing for paving the same street for six of such blocks upon a different plan, and further providing that the entire cost should be borne by a railroad company, which accepted the terms of the ordinance and complied therewith.

Appeal from the County Court of Madison county; the Hon. William P. Early, Judge, presiding.

John F. McGinnis, for appellants.

Henry S. Baker, for appellee.

Mr. Chief Justice Boggs delivered the opinion of the court:

The appellant McPike is the owner of lots 37 and 38 in block 91, in the city of Alton, having a total combined frontage of ninety feet on Piasa street. The appellant Bowman, as trustee, holds title to a certain part of block 1, in said city, having a frontage of one hundred and

twenty-four feet on Front street, in said city. This is an appeal prosecuted by them to bring in review the judgment of the county court of Madison county confirming a special tax levied upon their property, respectively, upon the basis of front-foot assessments thereof under an ordinance adopted by the city of Alton on the 10th day of March, 1896, providing for paving and improving Piasa street, Market street, the city hall square, and Front street from Market to Ridge street, in the said city, the cost of said improvement to be assessed and collected upon lots, parts of lots and tracts of lands abutting upon the line of said streets so to be paved and improved, in proportion to the frontage thereof. This ordinance contemplated the paving of Front street (at different widths) a distance of seven squares.

On the 28th day of April, 1896, an estimate of the total cost of the proposed improvement was reported to and approved by the city council of the city. On the 12th day of May, 1896, the petition of the city was filed in the county court of the said county praying for the appointment of commissioners to assess the cost of such improvement in the manner prescribed by law. Under this petition commissioners were appointed and an assessment roll returned, assessing each lot or tract of land abutting on each of the said streets, including the property of these appellants, at the uniform rate of $4.16 per front foot. At the September term, 1896, of the said county court, judgment by default was entered, confirming said assessment against all property as to which no objections were filed. Objections were filed by these appellants and other property owners, and the cause was continued pending the hearing of such objections. On the 10th day of November, 1896, and while said proceeding for the confirmation of said special tax was still pending against these appellants and others who had filed objections thereto, the city council of the said city of Alton adopted an ordinance for the paving of said

Front street from Alby to Ridge street, the full cost
thereof to be paid by the Cleveland, Cincinnati, Chicago
and St. Louis Railway Company. This ordinance granted
said railway company certain privileges and facilities,
and contained an agreement or covenant on the part of
said railway company that said company would, at its
own expense, pave the said Front street from Alby street
to Ridge street in the manner provided for in the ordi-
nance. The said railway company accepted the ordi-
nance and at its own expense completed the work of
paving said portion of Front street.

That portion of said Front street from Alby to Ridge
street which the ordinance of November 10, 1896, provided
should be paved at the cost and expense of the said rail-
way company, and which was so paved, is the same por-
tion of said Front street, for the length of six blocks or
squares, which the ordinance of March 10, 1896, here
sought to be enforced, provided should be paved at the
expense of the owners of property abutting on said Front
street, Piasa street, Market street and city hall square.
The later of said ordinances, providing for the paving of
said Front street in front of said six blocks, covered, for
that distance, the same length of Front street as did the
pavement ordered to be made by the former ordinance,
but the later ordinance provided for a different width of
pavement in front of some of the blocks, (an increased
area of paving in front of some of them and a smaller area
in front of others,) and provided for the paving of said
Front street to a point five feet nearer the building line
on the abutting property than did the former ordinance.
Appellants contended said second ordinance operated to
repeal the former ordinance *in toto*, and in the trial court
asked for and obtained leave to present, and presented,
that contention as a further objection to the rendition
of judgment of confirmation against their property under
the petition which, as before said, was pending against
them in behalf of the city. Appellants also presented

other objections to the rendition of a judgment of confirmation, but all of their objections were overruled and judgment entered confirming the assessment roll and entering judgment against the property of said appellants in the amount shown on said assessment roll, being at the rate of $4.16 per front foot of their respective properties.

We think the effect of the enactment of the ordinance of November 10, 1896, was to repeal the prior ordinance under which the proceedings culminating in these judgments were instituted and prosecuted, and therefore it is not necessary we should refer to other objections presented by the appellants.

The former ordinance, relied on to support these judgments, provided for the paving of Piasa street, Market street, city hall square, and Front street to the length of seven designated blocks, the total cost of the improvement to be levied upon the lots, parts of lots and tracts of lands abutting on said streets, in proportion to the frontage of such property. The latter ordinance provided for the paving of said Front street for six of the blocks covered by the first ordinance upon a materially different plan, and the cost thereof to be paid by the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. The said railway company accepted the provisions of the ordinance and caused the street to be improved at its own expense, in accordance with the requirements of the city as expressed in the later ordinance. Clearly, the tax ordered to be collected from the private property owners should not be exacted. If exacted, the owners of property abutting upon the streets to be improved would be required to pay to the city the estimated cost of the paving of Front street for a distance of six blocks, notwithstanding the city had abandoned the proposed improvement in said portion of Front street and had caused such portion of said Front street to be paved under a later and entirely different ordinance, on a materially different plan and at the expense of said Cleveland, Cin-

187—5

cinnati, Chicago and St. Louis Railway Company. The improvement contemplated to be made by the first ordinance cannot be regarded otherwise than as an entirety. The frontage tax was levied upon that assumption. Neither the value of the lots abutting upon the streets to be improved, the cost of the improvement to be made in front of the lots nor the benefits to the respective parcels of property was the test of the amount required to be contributed by the respective properties, or the owners thereof, to the general fund to defray the cost of the improvement. The amount which the property of the appellants was condemned to pay by the judgment appealed from was the proportionate cost per front foot of the entire cost of the proposed improvement. The city council, as the first ordinance clearly indicates, regarded the entire improvement as equally beneficial to all the property abutting on the streets to be improved, but it by no means follows that the council would have regarded the improvement on the streets other than Front street as so beneficial, or would have adopted an ordinance providing for the improvement of such other streets, to be paid for by special taxation. Had the city council had under consideration the adoption of an ordinance for the improvement of Piasa street, Market street and city hall square, the benefit accruing to the abutting property might have been regarded as the proper test of the amount to be paid by such property. The ordinance of November 10, 1896, providing for the paving of said Front street, the costs to be defrayed by said railway company, therefore operated to repeal the ordinance of March 10, 1896, *in toto,* hence there is no foundation to support the judgments against the property of the appellants.

*Judgment reversed.*