## The City of Alton v. Z. B. Job, Jr., John Patterson and Others, Partners in Business under the Firm Name and Style of "Job & Company."

1. ORDINANCES—*For Improvements to be Paid for by Special Tax.*—An ordinance is the very foundation of the improvement when it is to be paid for by a special tax, and no special tax can be levied to pay for improvements already made.

Assumpsit, on a paving contract. Appeal from the Circuit Court of Madison County; the Hon. MARTIN W. SCHAEFER, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

B. J. O'NEILL, attorney for appellant.

HENRY S. BAKER, attorney for appellees.

Where an improvement ordinance, under which a special tax is to be levied, has been declared void, and is a nullity, it is and ever will be impossible to levy a valid special tax, and the contractor will have a right of action against the city for an unpaid balance due him. Maher v. The City of Chicago, 38 Ill. 266; City of Chicago v. People ex rel. Hiram Norton, 56 Ill. 327; Foster v. The City of Alton, 173 Ill. 587; Markley v. The City of Chicago, 190 Ill. 276.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

This is an action of assumpsit brought by appellee against appellant to recover the sum of $416, due from appellant to appellee for paving streets, etc. Appellant demurred to the declaration; the court overruled the demurrer, and, by virtue of a stipulation between the parties, the court rendered judgment against the city for the amount claimed in the declaration. The case is before us on an appeal by the city.

No assignment of errors appears in the abstract, but the point argued by appellant's counsel relates solely to the order overruling the demurrer.

On the 10th of March, 1896, the city of Alton passed an ordinance providing for the paving of Piasa street, the City Hall square, a portion of Market street, and a distance of seven blocks of Front street, the work to be paid for by special taxes, on property benefited by the improvement.

On the 7th of September, 1896, the city contracted with appellees for the construction of this improvement, except the Front street part of the work. The contract provided that appellees should make no claim against the city, except for the special taxes levied against the property benefited by the improvement; and it was further provided by the contract that the city should use all efforts to collect the special taxes without cost to appellees, and that, if the ordinance under which the tax was levied should be declared invalid by the decision of the courts, the city

should take all necessary steps to correct it and to collect the taxes.

At the time the contract was entered into the city had filed a petition, under article 9 of the city and village act, as it existed prior to the act of 1897, in the County Court of Madison County, for the confirmation of the special tax; objections had been filed against the confirmation, and the matter was pending in the County Court at that time. On the 10th of November, 1896, while the work of paving was under way, the city passed another ordinance by which the Cleveland, Cincinnati, Chicago & St. Louis Railway Company obligated itself, in consideration of certain privileges granted it by the city, to pave practically the same part of Front street which was included in the ordinance of March 10th of that year, but not included in the contract with appellees, the paving to be done by the railway company to be thirty feet in width instead of thirty-six feet, as was provided by the first ordinance. The railway company did the paving or paid the cost of it. Certain owners of property fronting on Piasa street and Public Hall square, being part of the pavement which appellees constructed, under their contract, filed objections, as heretofore stated; the County Court of Madison County confirmed the assessment, and the objectors appealed the case to the Supreme Court, where the judgment of confirmation of the County Court was reversed, on the 19th of October, 1900, without a remanding order. McPike v. City of Alton, 187 Ill. 62.

Appellees furnished the materials and did the work called for by their contract, and finished it to the satisfaction of the city. On the 4th of March, 1901, appellees brought the present suit, claiming a balance due from the city of $416, alleging that by reason of the fact that the ordinance of March 10, 1896, was null and void, the city was unable to collect the special tax to pay that amount, and that, under such state of facts, the city is liable. The declaration contains no allegation that appellees have ever asked appellant to make a re-assessment or that appellant has refused to do so.

On behalf of appellant it is contended that the ordi-

nance of March 10, 1896, under which the work was done, was a valid ordinance, when the contract was entered into, and that the contract itself is free from legal objection; that therefore there can be no liability on the part of the city, until a supplemental assessment has been made, as provided in the 46th section of the city and village act, as it stood prior to 1897. In support of this contention appellant cites Freeport Street Railway Co. v. City of Freeport, 151 Ill. 451, and Foster v. City of Alton, 173 Ill. 587. Appellant also asserts that the city may be compelled by mandamus to make such re-assessment, if it should refuse. The People ex rel. v. The City of Pontiac, 185 Ill. 437. On behalf of appellees, it is contended that there can be no re-assessment under that ordinance, because it is absolutely null and void, and in support of that position, reliance is placed upon what the Supreme Court decided in McPike v. City of Alton, 187 Ill. 62.

We are unable to adopt the views of appellant. The ground of the decision in the McPike case, where this same ordinance was under consideration, was that the ordinance of March, 1896, was repealed by the ordinance of November 10th of that year; that the improvement provided by the first ordinance was an entirety. It is fairly inferable from the allegations in the declaration (though it is not altogether distinct in that regard), that the ordinance was repealed while the work was in progress. Such being the fact, the matter is left in the same position as if no ordinance had ever been passed, and it has been held a number of times that an ordinance is the very foundation of the improvement, when it is to be paid for by a special tax. St. John v. City of East St. Louis, 136 Ill. 207; City of Carlyle v. County of Clinton, 140 Ill. 512; City of East St. Louis v. Albrecht, 150 Ill. 506; The Connecticut Mutual Life Insurance Co. v. City of Chicago, 185 Ill. 148. There is in this case no ordinance which can be amended; or if it should be conceded that the ordinance of March 10th is in force *pro hac vice*, notwithstanding its repeal, an amendment to such ordinance would either have to tacitly recognize the Front street paving as being still a part of the

improvement, or it would have to expressly designate the improvement as containing Piasa street, City Hall square, and Market street only. In the first view, a re-assessment would meet the same successful objections which were interposed in the McPike case; and in the latter view the re-assessment would be for a different improvement than was established by the ordinance sought to be amended.

The difficulty is, not that the ordinance is in any respect invalid, but that it does not legally exist; to amend it, without providing for the Front street pavement, and this is the only way it can be done at all, is in fact to pass an original ordinance for another and different improvement than that of Piasa street, Public Hall square and Market street; but this improvement is already constructed, and the warrant for the special tax would be an ordinance passed long after the work was completed. The decisions above cited are explicit, that no special tax can be levied to pay for improvements already made.

The judgment of the Circuit Court overruling the demurrer to the declaration and in rendering judgment for the amount admitted by appellant to be due, is affirmed.