## E. M. JOHNSON *et al.*

*v.*

## THE PEOPLE *ex rel.* E. O. Reed, County Collector.

*Opinion filed April 24, 1903.*

1. SPECIAL ASSESSMENTS—*on application for sale, objections must go to jurisdiction to enter confirmation judgment.* Upon application for judgment of sale for a delinquent special assessment, objections to the judgment of confirmation, in order to be available, must go to the jurisdiction of the court to enter the judgment.

2. SAME—*what not a valid objection to entry of judgment of sale.* If an ordinance which has been declared insufficient by the Supreme Court is amended and a new assessment levied in pursuance of a *mandamus* order by the Supreme Court entered at the suit of the public contractor, it is not a valid objection to an application for judgment of sale that the objectors were not parties to the *mandamus* proceeding.

APPEAL from the County Court of Livingston county; the Hon. FRED G. WHITE, Judge, presiding.

This is an appeal from a judgment of the county court of Livingston county, overruling objections interposed by appellants to the application of Edward O. Reed, the relator, as county collector, for the sale of certain lots, blocks, tracts and parcels of real estate, belonging to the appellants, for the first installment of a special tax for paving and curbing parts of certain streets in the city of Pontiac.

On June 27, 1895, the city of Pontiac passed an ordinance, providing for the paving and curbing of parts of certain streets in said city. A petition was filed in the county court for the appointment of commissioners to make an assessment, and levy a special tax against the lots, etc., abutting upon the improvement, and to pay all the costs thereof, except the street intersections, which were to be paid by general tax. The present appellants appeared, and interposed objections to the confirmation of the assessment roll. Said objections were overruled, and judgment was entered confirming the assessment.

Upon appeal to this court, said judgment of confirmation, based upon the ordinance of June 27, 1895, was reversed, and the cause was remanded, as will be seen by reference to the case of *Bradford* v. *City of Pontiac*, 165 Ill. 612.

A contract was entered into by the city of Pontiac with the Talbot Paving Company to do the work in accordance with the ordinance and specifications. The pavement contract under the ordinance of June 27, 1895, was accepted by the city before December 6, 1895.

After the reversal of said first judgment of confirmation by this court, the cause was re-docketed; the former judgment of confirmation was vacated; and the city, upon its motion, was granted leave to dismiss the petition filed June 29, 1895, and said petition was dismissed without prejudice to the right of the city to file a supplemental proceeding to levy, assess, extend, and collect a new special tax upon and from the lots, blocks, tracts and parcels of land contiguous to said improvement, and to pay the balance due for the construction thereof, etc.

A petition for *mandamus* was filed by the People upon the relation of the Talbot Paving Company against the city of Pontiac to require that city to make a new assessment to pay the balance due the contractor, the Talbot Paving Company, for the construction of the local improvement, made under said ordinance of June 27, 1895. The peremptory writ of *mandamus* was awarded by this court, as will be seen by reference to the case of *People* v. *City of Pontiac*, 185 Ill. 437. Thereupon, on August 17, 1900, the city passed a second ordinance, denominated an ordinance amendatory of the ordinance of June 27, 1895, which ordinance of August 17, 1900, provided for the levying of a new assessment for the work done and performed under the former ordinance. A petition was filed to the December term, 1900, of the county court of Livingston county for the appointment of commissioners to assess a new special tax for the balance of $9875.85, due for paving parts of Main, Madison, Mill and Washington

streets in said city. To the confirmation of the assessment roll, made in pursuance of this second petition, the present appellants filed objections for the alleged reasons, among others, that the ordinance of June 27, 1895, was void, and could not be made the basis of an amendatory ordinance, or a second levy; that the supposed ordinance of August 17, 1900, being. founded upon an ordinance held by this court to be invalid, was itself void, and that a new and second assessment could not be made. to pay for work, theretofore done under a void ordinance. These objections of the appellants were overruled, and. judgment was entered on March 29, 1901, confirming the levy and assessment of August 17, 1900. The first installment of such assessment not having been paid by these appellants, their several lots, blocks, tracts and parcels of land were returned as delinquent, and application was thereafter made by relator, Edward O. Reed, county collector, for judgment as above stated.

No appeal was perfected by the present appellants from the judgment entered upon March 29, 1901, confirming the levy and assessment under the ordinance of August 17, 1900.

R. R. WALLACE, and R. S. McILDUFF, for appellants.

E. A. SIMMONS, City Attorney, and A. C. NORTON, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion. of the court:

The objections, made by appellants to the rendition of judgment of sale against their property, were as follows:

"(1) The supposed ordinance, purporting to have been passed and approved on the 27th day of June, A. D. 1895, and under which the said curbing and paving of parts of Main, Madison, Mill and Washington streets in said city were had, done and constructed, was and is absolutely

null and void, and for that reason cannot be made the basis of any judgment against any of said lots, tracts, pieces or parcels of real estate for the said special assessment for the said curbing and paving.

"(2) The supposed ordinance of the 17th of August, A. D. 1900, under which the supposed judgment of confirmation of said assessment was had, was and is absolutely null and void, and for that reason cannot be made the basis of any judgment herein against the said tracts, lots, pieces and parcels of real estate, or any or either of them."

The application for judgment of sale in this proceeding was based upon the amendatory ordinance of August 17, 1900. The property of the appellants was returned as delinquent, and application has been made for the sale thereof, because of the failure of appellants to pay the judgment of confirmation, entered upon March 29, 1901. The judgment of confirmation, entered on March 29, 1901, is alleged to be void, because it is based upon the ordinance of August 17, 1900. If the ordinance of August 17, 1900, was not void, then the judgment of confirmation, entered on March 29, 1901, was not void. This proceeding, being an application for judgment of sale, is collateral to the proceeding, which resulted in the judgment of confirmation entered on March 29, 1901. Consequently, no objection to such judgment of confirmation can prevail in this collateral proceeding, unless it attacks the jurisdiction of the court entering the judgment of confirmation.

As we understand the contention of counsel for appellants, it is that the ordinance of August 17, 1900, lying at the basis of the judgment of confirmation of March 29, 1901, is void, because it is amendatory of the ordinance of June 27, 1895, which is alleged to have been void. The question, therefore, upon which the contention of the appellants herein rests is, whether or not the ordinance of June 27, 1895, was a void ordinance.

In *Bradford* v. *City of Pontiac,* 165 Ill. 612, the assessment, based upon the ordinance of June 27, 1895, was set aside upon the ground, as stated in the case of *People* v. *City of Pontiac,* 185 Ill. 437, "that certain parts of the ordinance conferred discretionary powers on the city engineer in three respects, to-wit: first, that the specifications, which were made a part of the ordinance, provided that inlets and catch-basin covers be placed at street corners where directed by the engineer; second, that cross-walks be built in such form as directed by him, at street intersections and other points; third, that the specifications empower the engineer, in his discretion, to make certain alterations which increase or diminish the expense of the improvement." In *People* v. *City of Pontiac, supra,* we said in regard to the ordinance of June 27, 1895: "Here, the whole ordinance was not involved, but it was only in regard to a small portion thereof that objection was interposed and sustained. It is a well established rule in regard to by-laws and ordinances, that, if a provision, relating to one subject matter, be void, and as to another valid, and the two are not necessarily or inseparably connected, it may be enforced as to the valid portion as if the void part had been omitted. (*Wilbur* v. *City of Springfield,* 123 Ill. 395.) The defect in the ordinance in question in placing discretionary power in the engineer was one, which could easily be eliminated from the ordinance by an amendment, and thus the ordinance could be made perfect, so that a new and valid assessment could be levied."

In *People* v. *City of Pontiac, supra,* this court decided that the ordinance of June 27, 1895, was only invalid as to those parts of it, which vested discretionary power in the engineer. We there expressly held that the city could amend the ordinance, so as to make a new and valid assessment. The ordinance of August 17, 1900, was passed in obedience to the order of this court, awarding a peremptory *mandamus* directing the city to make

a new assessment. This court having already decided that the ordinance of June 27, 1895, was not invalid as a whole, but only as to certain parts thereof, it cannot be here said that the ordinance of August 17, 1900, which was amendatory of the ordinance of 1895, and, by amendment, corrected the defect in the former ordinance, is void. No other ground is urged against its validity, except that it is based upon the ordinance of June 27, 1895, as amended by the elimination of the objectionable parts thereof. Inasmuch as the ordinance of August 17, 1900, is not void for the reason thus urged against its validity, the judgment of confirmation entered on March 29, 1901, is not void for want of jurisdiction in the court rendering it. It follows, that the objection here made cannot avail in this collateral proceeding.

Counsel for appellants contend, however, that they were not parties to the *mandamus* proceeding, passed upon in *People* v. *City of Pontiac, supra,* and, therefore, that they are not bound by the judgment of the court entered therein. Appellants are certainly bound by the judgment of the court, entered in the former proceeding passed upon in *Bradford* v. *City of Pontiac, supra.* It is true that, in deciding that case, we said: "The provisions referred to do confer a power on the engineer not authorized by law, and render the ordinance invalid." Counsel insist that the word, "invalid," as used in *Bradford* v. *City of Pontiac, supra,* has the same meaning as the word "void," and quote definitions of the latter word from Webster and Bouvier to show that a thing which is invalid must be void. In the proceeding to which appellants were parties and where they filed objections, the ordinance of June 27, 1895, was merely held to be defective or insufficient.

It follows that appellants are not injured in any way because they were not parties to the *mandamus* proceeding passed upon in *People* v. *City of Pontiac, supra.* The decision in the latter case merely held that the ordinance

of June 27, 1895, was not void as a whole, but only in the respect already mentioned. This holding, that the ordinance of 1895 was not void, is not other or different from the holding in *Bradford* v. *City of Pontiac, supra,* where the ordinance was said to be invalid, because the latter term referred only to its defect or insufficiency in one part.

We are, therefore, of the opinion that the objections here made by the appellants, to the effect that the ordinances of 1895 and 1900 are void for the reasons urged against them, were properly overruled by the county court.

Accordingly, the judgment of the county court is affirmed.

*Judgment affirmed.*