(No. 17869.—Judgment affirmed.)
THE CITY OF KEWANEE, Appellant, *vs.* PETER J. CELANDER
*et al.* Appellees.

*Opinion filed February 16, 1927.*

MUNICIPAL CORPORATIONS—*an amendment cannot validate void
ordinance.* An ordinance requiring certain frontage consents for
the erection of public garages is void where it contains a proviso
that it shall not apply to garages already erected, and an amend-
ment striking out the proviso without re-enacting any portion of
the ordinance cannot have the effect of validating the ordinance,
as the proviso determined the scope of the ordinance as originally
enacted and rendered the ordinance as passed invalid as a whole.

APPEAL from the Circuit Court of Henry county; the
Hon. WILLIAM T. CHURCH, Judge, presiding.

CHARLES E. MULLIGAN, for appellant.

THOMAS J. WELCH, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal is from a judgment in favor of Peter J.
Celander and Felix A. Kirby in a suit brought by the city
of Kewanee against the defendants to recover a penalty
for erecting and maintaining a garage without a permit,
in violation of an ordinance.    A trial was had, and at the
conclusion of the evidence the court instructed the jury to

find defendants not guilty, and upon a verdict so returned rendered judgment. The trial judge made the certificate required by the statute, and the city appealed directly to this court.

The city council of Kewanee in 1919 adopted an ordinance of two sections, entitled, "Public garage, livery, blacksmith shops, etc.," of the revised ordinances of the city of Kewanee, which was published in a book of ordinances of the city. Section 1 required anyone desiring to build a public garage in any block in the city, in which block a majority in area of the land therein is occupied for residence purposes, to first obtain the written consent of the owners of a majority of land in the block. The section contained a proviso that the ordinance should not apply to a garage and other buildings named, "already erected and conducted as such before the passage of this ordinance." The second section provided penalties for its violation.

Ordinances containing a provision similar to the proviso of section 1 referred to have been held invalid. (*City of Chicago* v. *Rumpff,* 45 Ill. 90; *Tugman* v. *City of Chicago,* 78 id. 405; *City of Cairo* v. *Feuchter,* 159 id. 155.) In 1922 the city council adopted an ordinance entitled an ordinance to amend section 1 of the ordinance referred to, "by striking out and repealing the proviso part in the second paragraph thereof." The ordinance provides that the old ordinance be amended by striking out the proviso of section 1 and that the same is repealed. Defendants were charged with violating the ordinance in 1925 by constructing a garage in a block a majority in area of which is occupied for residence purposes, without obtaining the written consent of the required number of the owners. Defendants did not deny the building of the garage or that it was located in a block the majority in area of which is occupied for residence purposes, and they did not claim to have the consent of the owners of a majority of the block. The defense was that the original ordinance was void *in toto* on

account of the proviso in section 1; that it was the intention of the council in the adoption of the ordinance that it should not apply to garages and other buildings named, erected before its passage; that the proviso is inseparable from the remainder of the ordinance, and being void renders the whole ordinance void, and the council could not amend a void ordinance.

This is not like the case of an ordinance containing several sections or provisos and one of the provisos is invalid and unenforcible. The other sections or provisos may be enforced if it was the apparent intention of the legislature to enact them and the valid provisos are not dependent upon the invalid. (*State* v. *Kantler,* 21 N. W. (Minn.) 856; *Johnson* v. *People,* 202 Ill. 306.) The ordinance passed by appellant in this case consisted of two sections. The first section contained the restrictions against building certain buildings in a residence block without consent in writing of a majority of the owners. The other section provided penalties for a violation of the ordinance. It cannot be said that the council would have passed the ordinance without the invalid part of section 1. That was an inseparable part of the ordinance and rendered the whole void. Without the proviso the ordinance would cause results not contemplated by the council. (*Connolly* v. *Union Sewer Pipe Co.* 184 U. S. 540; *People* v. *Kaul,* 302 Ill. 317.) "If by striking out a void exception, proviso or other restrictive clause, the remainder, by reason of its generality, will have a broader scope as to subject or territory, its operation is not in accord with the legislative intent, and the whole would be affected and made void by the invalidity of such part." (Lewis' Sutherland on Stat. Const.—2d ed.— sec. 306, p. 597; *Mathews* v. *People,* 202 Ill. 389.) The whole ordinance as passed was void. It was not re-enacted, leaving out the invalid portion. What the council did was to adopt an ordinance to amend "a part of the second paragraph of section 1 * * * by striking out and repealing

the proviso part in the second paragraph thereof." The council might have passed an ordinance leaving out the proviso to section 1, but it did not do that. It attempted to make valid a void ordinance by simply striking out of it the invalid proviso. An amendment to a previous ordinance which is void and of no effect cannot make the ordinance valid. (2 McQuillin on Mun. Corp. sec. 822; *Cowley* v. *Rushville,* 60 Ind. 327; *O'Neil* v. *Tyler,* 53 N. W. (N. Dak.) 434; *Lane-Moore Lumber Co.* v. *Storm Lake,* 130 N. W. (Iowa) 924; 28 Cyc. 382; *Carroll* v. *City of Bayonne,* 124 Atl. (N. J.) 613.) The ordinance as passed by the city council was invalid as a whole and was not made a valid ordinance by the amendment.

For the reason that the amendment referred to did not render the void ordinance valid, the judgment is affirmed.

*Judgment affirmed.*